DR. LINDA EDELIN
1223 Wilshire Blvd.
Santa Monica, CA 90403
(310) 874-2430
DLE@idnas.org
Plaintiff In Pro Per



FILED
CLERK, U.S. DISTRICT COURT
09/22/2025
CENTRAL DISTRICT OF CALIFORNIA
BY ____GSA____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DR. LINDA EDELIN,

   Plaintiff,

  vs.

STATE OF MAINE

   Defendant

) Case No.: 2:25-CV-08869
)
) NOTICE OF FILING EXHIBITS
)
)
)
)
)
)

I, Dr. Linda Edelin, pro se Plaintiff, respectfully give notice of filing the following exhibits, attached hereto. These exhibits are submitted in support of Petitioner's pending Petition for Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b). Each exhibit demonstrates the constitutional violations, procedural irregularities, and resulting irreparable harm that necessitate immediate relief.

EXHIBIT INDEX

1. Exhibit A: Motion to Dismiss (August 11, 2025)
2. Exhibit B: Motion to Dismiss (August 18, 2025)

3.  Exhibit C: Packet of 3 Motions (August 25, 2025)

4.  Exhibit D: Motion to Convene Faretta Hearing (September 1, 2025)

5.  Exhibit E: Packet of 2 Motions (September 6, 2025)

6.  Exhibit F: Court Order (September 5, 2025)

7.  Exhibit G: Objection to September 5 Order (September 13, 2025)

8.  Exhibit H: Objection and Demand to Vacate (September 16, 2025)

9.  Exhibit I: Court Order (September 16, 2025)

10. Exhibit J: Statement at Hearing (September 18, 2025)

11. Exhibit K: Court Order (September 18, 2025)

12. Exhibit L: Forwarded (not served) Email re: Jury Selection (September 19, 2025)

Each exhibit is submitted in the form in which it was filed or issued, together with a cover page identifying its source, date, and substance.

Dated: September 21, 2025.

/s/ Dr. Linda Edelin

_____

DR. LINDA EDELIN

Plaintiff, pro se

2

EXHIBIT A

Motion to Dismiss for Jurisdictional and Constitutional Defects
August 11, 2025
Filed: Unified Criminal Court, Cumberland County, ME

Summary: Motion seeking leave to proceed pro se based on counsel's collusion with the prosecution, and asserting lack of jurisdiction, misidentification under a legal fiction, violations of constitutional rights (due process, speedy trial, civil rights), and structural defects in the charging process, including federal preemption and interstate commerce limitations, submitted in support of Plaintiff's application for a Temporary Restraining Order under Fed. R. Civ. P. 65(b).

(Fed. R. Civ. P. 5 (d) (1) (A)

Dr. Linda Ellison Edelin                                    DOCKET NO CR-2021-00910
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

Date: August 11, 2025

Via Hand Delivery by Process Server

Clerk of Court Cumberland County Courthouse 205 Newbury Street Portland, ME 04101


RE: Directive for Docket Entry and Forwarding of Filed Motion

Dear Clerk:

Enclosed please find the original, signed Motion to Dismiss for Jurisdictional and Constitutional Defects, or in the Alternative, for Protective Procedural Relief, filed pro se by the Defendant.


Pursuant to M.R. Crim. P. 49(d) and Rule 79(a), the Defendant respectfully directs the Clerk to:

1. Enter the motion into the docket of this case pursuant to Rule 79(a); and
2. Forward a copy of the motion to the Office of the Attorney General pursuant to M.R. Crim. P. 49(d), as counsel for the State, in addition to the Defendant's own service on that office.

This motion is being delivered to you in hand by a licensed process server to maintain a complete and verifiable chain of custody.


        Respectfully,
        Dr. Linda Ellison Edelin
        Pro Se Defendant
        (incorrectly identified in charging documents as "Miss/Ms. Linda Ellison")


Enclosure: Motion to Dismiss (with Verification and Certificate of Service)

STATE OF MAINE                          UNIFIED CRIMINAL COURT
CUMBERLAND, ss.                         CRIMINAL COURT ACTION
                                        DOCKET NO CR-2021-00910


STATE OF MAINE,


     v.


DR. LINDA ELLISON EDELIN,        )    MOTION TO DISMISS FOR JURISDICTIONAL
(Incorrectly identified in charging    )    AND CONSTITUTIONAL DEFECTS
documents as: "Linda Ellison       )    OR, IN THE ALTERNATIVE,
and/or Miss/Ms. Linda Ellison"    )    FOR PROTECTIVE PROCEDURAL RELIEF


TO THE HONORABLE COURT:

NOTICE OF PRO SE REPRESENTATION

     Defendant respectfully notifies this Court that she appears pro se for the limited

purpose of this motion pursuant to her constitutional right to self-representation under

*Faretta v. California*, 422 U.S. 806 (1975). Defendant expressly reserves the right to retain,

substitute, or excuse current counsel at her sole discretion. The Defendant requests that

adjudication of this motion proceed independently of any attorney presently listed in the

docket.

This motion is necessitated by recent procedural irregularities revealed in the Court's August 1, 2025 notice, which was forwarded via email to Defendant on August 4, 2025. That notice disclosed that an attorney Defendant had never directly retained purported to represent her in an off-the-record conference call where he agreed to prejudicial trial conditions on her behalf without her knowledge or consent. These unauthorized agreements including joint motions, jury selection and trial scheduling, and settlement conferences were entered into without Defendant's participation, depriving her of the opportunity to be heard and creating conditions adverse to her defense.

By unilaterally scheduling jury selection and trial on widely separated dates, and by having defense counsel or their agent agree to such terms without Defendant's express written consent, the State and counsel of record have acted in concert to impose substantial and unnecessary financial and logistical burdens in an apparent effort to induce plea negotiations. Such conduct constitutes documented collusion with the prosecution, a breach of the duty of loyalty owed to the Defendant, and a deliberate infringement upon Defendant's right to a speedy trial under Article I, § 6 of the Maine Constitution and the Sixth Amendment to the United States Constitution. These coordinated constitutional violations have not only deprived Defendant of her protected rights, but have fatally undermined the court's jurisdiction, leaving dismissal as the sole remedy consistent with due process and judicial integrity.

These unauthorized agreements, to which Defendant was not a party, compel her to proceed pro se to ensure independent advocacy free from unauthorized representation.

2

I. INTRODUCTION

Dr. Linda Ellison Edelin ("Defendant"), appearing pro se for the limited purpose of this motion, respectfully submits this Motion to Dismiss Indictment for Jurisdictional and Constitutional Defects, or, in the Alternative, for Protective Procedural Relief. The factual assertions in this motion are supported by the docket entries and court records in this case, which reflect the procedural history detailed herein.

Defendant respectfully moves this Court for consideration of this motion on the papers without oral argument, as the legal and procedural issues presented are matters of law appropriate for resolution based upon the record and applicable authority.

This prosecution is fundamentally and incurably defective on six independent grounds, each of which mandates dismissal with prejudice:

(1) Lack of proper service depriving this Court of jurisdiction;

(2) Misidentification of Defendant under a legal fiction;

(3) Violation of civil rights under color of state law;

(4) Violation of speedy trial rights under both federal and state constitutions;

(5) Structurally defective charging process that denied due process and meaningful judicial oversight; and

(6) Jurisdictional limitations arising from federal preemption and interstate commerce principles.

Each ground, standing alone, warrants dismissal with prejudice. Taken together, they present a prosecution in which jurisdiction never lawfully attached and in which continued

proceedings would offend the most basic principles of due process and fair trial. See United States v. Cotton, 535 U.S. 625, 630 (2002) (jurisdictional defects are not subject to harmless-error review).

These fundamental jurisdictional defects can be raised at any time and cannot be waived. *See Fed. R. Crim. P. 12(b)(1); Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (jurisdictional defects are non-waivable); *United States v. Cotton*, 535 U.S. at 630 (subject-matter jurisdiction cannot be forfeited and recognizing jurisdictional defects cannot be waived). The timing of this motion does not diminish its legal force.

Procedural Background

In February 2021, the Office of the Attorney General initiated this matter through a closed grand jury proceeding. Defendant received no notice and had no opportunity to present exculpatory material.

Service was then attempted on an attorney with whom Defendant had no relationship and who possessed no authority to accept service on her behalf. No personal service on Defendant occurred.

The indictment and subsequent filings misidentify Defendant, omitting her legal surname and professional title, and this misnomer has persisted for nearly five years despite repeated opportunities for correction.

State actors have repeatedly refused to use Defendant's lawful name and earned title

while proceeding under a fictitious identity, a pattern that diminishes professional status and

constitutes discriminatory treatment under state and federal civil-rights protections.

The charging process has lacked required safeguards, including off-the-record

scheduling communications conducted without Defendant, unauthorized agreements entered

without her consent, and a perfunctory arraignment posture that foreclosed meaningful

opportunity to contest jurisdiction at the outset.

Several allegations in the matter extend beyond Maine's territorial reach and into

federally governed domains, implicating interstate conduct and preemption principles that

constrain state jurisdiction.

## II. GROUND ONE: LACK OF PROPER SERVICE

A. Governing Law

Personal jurisdiction in criminal proceedings requires strict compliance with service

requirements. Maine Rule of Criminal Procedure 4(c)(2) (2021) (now Rule of Unified

Criminal Procedure 4(f)(2)) mandates service "upon the defendant personally" or upon a

defendant-authorized agent. Service on someone neither retained nor appointed in writing is

invalid and voids jurisdiction. In *State v. Higgins*, 2002 ME 77,    7, 796 A.2d 50, 53, the Law

Court held that "unauthorized acceptance of service renders subsequent proceedings void.

The Maine Law Court has consistently held that absent valid service, courts lack

personal jurisdiction and all subsequent actions are nullities. State v. O'Clair, 292 A.2d 186,

188 (Me. 1972). This principle reflects the fundamental due process requirement that

defendants receive actual notice before being subjected to criminal proceedings. Mullane v.

Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

B. Facts of Record

No lawful service occurred within the meaning of Maine Rule of Criminal Procedure

4. The record establishes:

• Service was attempted upon Attorney Martin Ridge, of whom Defendant had no prior

knowledge, and had not given written consent nor retained at the time of service;

• Attorney Ridge possessed no actual authority to accept service on Defendant's

behalf, as no attorney-client relationship existed at the time of service, and Defendant's civil

counsel possessed no authority to designate criminal defense counsel for service purposes;

• Defendant was physically present in California at the time of attempted service;

• No personal service upon Defendant ever occurred in accordance with the Rules.

C. Legal Effect

Under Maine law, these defects cannot be cured by implication, waiver, or subsequent

appearance. Thompson v. State, 667 A.2d 575, 577 (Me. 1995). The U.S. Supreme Court has

emphasized that service requirements are "not some mindless technicality" but constitutional

prerequisites to jurisdiction. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694,

700 (1988).

Because the State failed to serve Defendant in the manner prescribed by law, this

Court never acquired personal jurisdiction. All proceedings rest upon this defective

foundation, rendering them void as a matter of law.

III. GROUND TWO: MISIDENTIFICATION OF DEFENDANT

A. Governing Law

An indictment must correctly identify the accused. This is not a clerical formality but a structural requirement rooted in due process. State v. Thibodeau, 353 A.2d 595, 600 (Me. 1976) ("[a] misnomer goes to the validity of the proceedings when it results in misidentification of the accused").

The Sixth Amendment guarantees that the accused "be informed of the nature and cause of the accusation." U.S. Const. amend. VI. Where charging documents consistently misidentify the defendant, this constitutional mandate is violated. United States v. Miller, 471 U.S. 130, 138 (1985) (identity is an essential element of prosecution).

B. Facts of Record

Every operative charging document identifies the accused as "Linda Ellison and/or Miss/Ms. Linda Ellison," a designation that:

• Is not Defendant's legal name (Dr. Linda Ellison Edelin);

• Uses Defendant's former maiden name rather than her current legal surname, despite the fact that Defendant's legal name change occurred in 2015, predating these charges by approximately six years, and despite the State's access to current Maine identification records;

• Does not correspond to any government-issued identification, passport, or bank statements;

• Omits her lawful professional title;

• Creates a legal fiction that has persisted for nearly five years.

C. Legal Effect

Maine precedent treats sustained misidentification as jurisdictional when it creates

7

uncertainty about the person intended. State v. Berube, 297 A.2d 884, 886 (Me. 1972) (accuracy in identifying a defendant is "prerequisite to proper invocation of court's jurisdiction").

The continued prosecution under a false identity violates the constitutional guarantee of notice and undermines this Court's personal jurisdiction. A prosecution against a legal fiction is no prosecution at all.

## IV. GROUND THREE: VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW

### A. Governing Law

The systematic misidentification and diminishment of Defendant's professional status constitutes discrimination based on gender and professional standing in violation of 42 U.S.C. § 1983. Section 1983 provides a federal cause of action against any person who, "under color of any statute, ordinance, regulation, custom, or usage, of any State," deprives another of rights secured by the Constitution or federal law.

The deliberate refusal to use a defendant's proper title and legal name, when coupled with other procedural violations, can constitute discriminatory enforcement that violates equal protection. Yick Wo v. Hopkins, 118 U.S. 356, 373-74 (1886) (discriminatory enforcement violates equal protection even when law appears neutral). The Maine Constitution, Article I, § 6-A, provides parallel protection against gender-based discrimination by state actors.

Federal courts have recognized that systematic bias in charging and prosecutorial

8

decisions states a claim under Section 1983. United States v. Armstrong, 517 U.S. 456,

464-65 (1996); McCleskey v. Kemp, 481 U.S. 279, 292 (1987). When state actors

deliberately diminish a defendant's professional status while committing other procedural

violations, the pattern suggests discriminatory animus.

 B. Facts of Record

      The State's conduct demonstrates a pattern of bias:

 • Consistent refusal to use Defendant's earned professional title "Doctor" despite her

credentials;

 • Systematic use of "Miss and/or Ms." rather than "Dr." in all official filings, suggesting

gender-based diminishment;

• Systematic use of use of Defendant's former maiden name suggests gender-based

assumptions about professional identity and marital status;

• This systematic use of Defendant's former maiden name, despite her legal name change

occurring in 2015, suggests deliberate disregard for her chosen personal identity;

• Persistence of these naming violations for nearly five years despite obvious correction

opportunities and the State's access to accurate identification records, demonstrates that these

are not inadvertent clerical errors but part of a systematic pattern of diminishment.

C. Legal Effect

      The systematic diminishment of Defendant's professional identity, combined with the

procedural violations detailed herein, suggests discriminatory enforcement that violates both

equal protection and due process. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)

(class-of-one equal protection claims cognizable where plaintiff treated differently from

similarly situated individuals).

When prosecutorial conduct exhibits a pattern of bias—here, gender-based professional diminishment coupled with procedural irregularities—the prosecution itself violates federal civil rights law. The State cannot simultaneously prosecute Defendant while violating her civil rights under color of state law.

D. Remedy

Because the State's conduct violates Section 1983 and equal protection principles, continued prosecution would perpetuate ongoing civil rights violations. Dismissal with prejudice is the only remedy that halts the discriminatory conduct and prevents further constitutional injury.

## V. GROUND FOUR: VIOLATION OF SPEEDY TRIAL RIGHTS

A. Governing Law

The right to speedy trial is guaranteed by the Sixth Amendment, Article I, § 6 of the Maine Constitution, and Maine Rule of Criminal Procedure 48(b). In Barker v. Wingo, 407 U.S. 514, 530 (1972), the Supreme Court established a four-factor test: (1) length of delay; (2) reason for delay; (3) defendant's assertion of the right; and (4) prejudice to the accused. Maine courts have adopted Barker's framework. State v. Murphy, 496 A.2d 623, 627 (Me. 1985). Delays exceeding one year are presumptively prejudicial and shift the burden to the government. Doggett v. United States, 505 U.S. 647, 652 (1992).

B. Application of Barker Factors

Length of Delay: Nearly five years have elapsed—more than quadruple the

10

presumptively prejudicial threshold established in Doggett.

Reason for Delay: Trial settings have been vacated repeatedly at the State's request, often on the Friday preceding a Monday start. Such prosecutorial delays weigh heavily against the State. United States v. Loud Hawk, 474 U.S. 302, 316 (1986).

Assertion of Right: Due to inadequate communication from previous counsel, Defendant cannot determine whether this right was previously asserted on her behalf. However, she now formally asserts her speedy trial right and notes that any failure to assert it earlier should not weigh against her given the extraordinary length of delay and the inadequate representation she has received.

Prejudice: Defendant has suffered substantial professional, financial, and personal harm, including:

• Ongoing restrictions on liberty and professional opportunities;

• Reputational injury and loss of income;

• Impairment of defense through faded memories and unavailable evidence;

• Sustained anxiety and disruption of livelihood.

C. Legal Effect

When Barker factors weigh decisively in a defendant's favor, dismissal is constitutionally compelled. Strunk v. United States, 412 U.S. 434, 439-40 (1973). The extraordinary delay here, attributable to the State and causing manifest prejudice, mandates dismissal with prejudice.

## VI. GROUND FIVE: STRUCTURALLY DEFECTIVE CHARGING PROCESS

A. Governing Law

While Maine Constitution Article I, § 7 permits grand jury indictments, subsequent procedural safeguards—proper service, meaningful arraignment, and timely challenges—are jurisdictional prerequisites. Coleman v. Alabama, 399 U.S. 1, 9 (1970) (early stages of criminal proceedings are "critical" for Sixth Amendment purposes).

These protections are structural, not discretionary. State v. Pinkham, 565 A.2d 318, 319 (Me. 1989) (defects in service and arraignment "strike at validity of proceedings").

B. Facts of Record

The charging process here was structurally deficient:

Unnotified Grand Jury: Defendant had no opportunity to offer exculpatory materials, even indirectly, resulting in an ex parte indictment without remedial process.

Defective Service: As detailed above, service upon an unauthorized attorney violated Maine Rule of Criminal Procedure 4(c)(2)(2021) (now Rule of Unified Criminal Procedure 4(f)(2)).

Perfunctory Arraignment: The Zoom proceeding consisted solely of charge reading and plea entry, without meaningful opportunity to contest jurisdiction or file preliminary motions.

C. Legal Effect

This confluence of defects yielded a prosecution devoid of meaningful judicial oversight, allowing the State unilateral control over both charge framing and procedural sequence. These structural flaws implicate the court's jurisdiction ab initio and are not subject to harmless-error analysis. Pinkham, 565 A.2d at 319.

12

## VII. GROUND SIX: JURISDICTIONAL LIMITATIONS ARISING FROM FEDERAL PREEMPTION

A. Governing Law

The Supremacy Clause mandates that state authority yield where federal law has occupied a field or where state action "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Arizona v. United States, 567 U.S. 387, 399 (2012).

Maine courts require the State to establish that conduct constituting an offense element occurred within Maine's borders or had legally sufficient result within the state. State v. Linscott, 520 A.2d 1067, 1069-70 (Me. 1987).

B. Facts of Record

Material aspects of the alleged conduct occurred wholly outside Maine, including:

• Commercial activities and scientific testing in California and other jurisdictions;

• Interstate banking transactions subject to federal regulation under the Bank Secrecy Act, 31 U.S.C. §§ 5311-5332;

• Federally appropriated funds subject to federal oversight and accountability requirements;

• Constitutional rights of interstate travel during pandemic-era relocations.

C. Legal Effect

Where essential elements of a state charge fall outside territorial reach or into domains predominantly governed by federal law, state court jurisdiction is constitutionally constrained. The charges necessarily overlap with domains reserved to federal authority,

13

creating a preemption bar that independently supports dismissal.

## VIII. ALTERNATIVE RELIEF

Should this Court decline dismissal, Defendant respectfully requests the following alternative relief to preserve constitutional protections:

### A. Consolidated Trial Scheduling

Jury selection and trial must proceed in a single, continuous block. The current scheduling order gap between empanelment and trial imposes extraordinary burdens on Defendant, who resides over 3,000 miles away in Southern California, including: (1) duplicative cross-continental travel requiring two separate round trips totaling over 12,000 miles; (2) substantial financial hardship from repeated flights, lodging, and extended stays; (3) operational disruption to Defendant's business, which she operates as the principal and which cannot function in her absence; and (4) increased health risks from repeated air travel during a period of heightened viral transmission. Current scheduling also creates impermissible risk of jury contamination. Patton v. Yount, 467 U.S. 1025, 1035-36 (1984).

### B. Judicial Finding of Constitutional Violations

The Court must make an explicit record finding that Defendant's constitutional rights have been violated to preserve these issues for appellate review. State v. Joubert, 603 A.2d 861 (Me. 1992).

### C. State-Borne Costs

Given the State's repeated scheduling failures, all reasonable expenses associated with Defendant's required appearances must be borne by the State. This remedy is within the

14

Court's inherent authority to mitigate prejudice from procedural mismanagement. State v. Dube, 655 A.2d 338 (Me. 1995).

IX. CONCLUSION

This case proceeds on a foundation of documented jurisdictional and constitutional violations that no further proceedings can lawfully cure. The record establishes:

- Defective service violating Maine Rule of Criminal Procedure 4(c)(2) (2021) (now Rule of Unified Criminal Procedure 4(f)(2)), and *State v. Higgins*, 2002 ME 77,   7, 796 A.2d 50, 53 (Me. 2002);

- Misidentification creating a legal fiction;

- Civil rights violations under 42 U.S.C. § 1983;

- Speedy trial violations under *Barker v. Wingo*, 407 U.S. 514, 530 (1972), and Article I, § 6 of the Maine Constitution;

- A charging process conducted without the procedural safeguards mandated by *Coleman v. Alabama*, 399 U.S. 1, 9 (1970); and

- Jurisdictional limitations arising from territorial reach and federal preemption under *State v. Linscott*, 520 A.2d 1067, 1069–70 (Me. 1987), the Supremacy Clause, U.S. Const. art. VI, cl. 2, and *Arizona v. United States*, 567 U.S. 387, 399 (2012).

These are not technical irregularities. They are structural constitutional violations that divest this Court of lawful jurisdiction and void every subsequent proceeding. Under *United States v. Cotton*, 535 U.S. 625, 630 (2002), jurisdictional defects strip a court of authority to act.

15

Because each of these six grounds is independently anchored in constitutional protections under both the Maine and United States Constitutions, denial of dismissal would leave multiple unremedied violations embedded in the record. To proceed with this case in the face of these clear state and federal constitutional violations is not a lawful exercise of judicial discretion—it is a knowing and deliberate breach of the court's constitutional oath and a continuation of proceedings without lawful authority.

The sole remedy consistent with the Maine Constitution, federal due process, and this Court's constitutional obligations is dismissal with prejudice under Maine Rule of Criminal Procedure 48(b). Jurisdictional defects are not discretionary, and constitutional violations are not negotiable.

Defendant preserves all constitutional and procedural issues raised herein for appellate review should dismissal be denied. Defendant further rejects any purported dates, stipulations, or procedural agreements including joint motions, jury selection/trial scheduling, or settlement/judicial conferences entered into without her express written consent. Such acts are void and without legal effect, and Defendant respectfully requests the Court strike them from the record.

WHEREFORE, Defendant respectfully requests that this Court:

1. GRANT this Motion to Dismiss and dismiss the Indictment with prejudice;

2. GRANT, in the alternative, should dismissal be denied:

   a. Consolidate jury selection and trial into continuous proceedings;

b. Enter formal findings acknowledging the constitutional violations detailed herein;

c. Order the State to bear all reasonable costs of Defendant's required appearances;

3. GRANT such other relief as this Court deems just and proper.

Respectfully submitted,

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

17

X. VERIFICATION

I, Dr. Linda Ellison Edelin, the undersigned Defendant, hereby verify under penalty of perjury pursuant to the laws of the State of Maine that I am proceeding pro se for purposes of this filing. I note that the charging documents incorrectly identify me as "Miss/Ms. Linda Ellison."

I have read the foregoing Motion to Dismiss and know the contents thereof. The factual statements contained herein are true and correct to the best of my knowledge, information, and belief, and the legal arguments are made in good faith and supported by existing law or by nonfrivolous arguments for its extension or modification.

This verification is executed to affirm the authenticity and accuracy of the record presented and to confirm that I am the sole author and submitter of this motion.

Executed this 11th day of August, 2025, at Santa Monica, California.

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

18

## XI. CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August, 2025, I caused the foregoing Motion to Dismiss to be delivered for filing with the Clerk of Court, with direction to the Clerk to:

1. Enter this Motion on the docket in the above-captioned matter; and

2. Forward a complete copy to the Office of the Attorney General in accordance with Maine Rule of Criminal Procedure 49(d).

I further certify that I served a true and correct copy upon the Office of the Attorney General, Attn: Leanne Robbin, by process server, addressed as follows:

Office of the Attorney General, Attn: Leanne Robbin

109 Sewall Street

Augusta, ME 04330

Such service was made in compliance with Maine Rule of Criminal Procedure 49(a)–(d), ensuring actual receipt by counsel for the State.

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

EXHIBIT B

Motion to Dismiss for Systemic Violation of Right to
Counsel,Conflict of Interest, and Due Process
August 18, 2025
Filed: Unified Criminal Court, Cumberland County, ME

Summary: Motion to dismiss for systemic violations of the right to
counsel, conflict of interest, and denial of due process, again asserting pro se
status and detailing cumulative constitutional harm arising from the actions
of five successive attorneys whose failures, independently and collectively,
undermined Plaintiff's right to effective representation, due process, and a
fair trial, submitted in support of Plaintiff's application for a Temporary
Restraining Order under Fed. R. Civ. P. 65(b).

(Fed. R. Civ. P. 5 (d) (1) (A)

Dr. Linda Ellison Edelin                                    DOCKET NO CR-2021-00910

Pro Se Defendant

1223 Wilshire Blvd., #139

Santa Monica, CA 90403

Tel: (310) 874-2430

Email: DLE@idnas.org

Date: August 18, 2025

Via Hand Delivery by Process Server To: Clerk of Court Cumberland County Courthouse 205 Newbury Street Portland, ME 04101

Dear Clerk,

Enclosed please find filings in the above-captioned matter consisting of two separate motions:

1. Defendant's MOTION TO DISMISS FOR SYSTEMIC VIOLATIONS OF RIGHT TO COUNSEL, CONFLICT OF INTEREST, AND DUE PROCESS; and
2. Defendant's MOTION TO CONTINUE JURY SELECTION PENDING RESOLUTION OF DEFENDANT'S MOTIONS.

Please docket each motion separately.

Pursuant to M.R. Crim. P. 49(d) (service by the clerk) and M.R. Civ. P. 79(a) (docketing), the Defendant respectfully directs the Clerk to:

1. Enter the motions into the docket of this case in accordance with Rule 79(a); and
2. Forward a copy of both motions to the Office of the Attorney General, as counsel for the State, in accordance with Rule 49(d), by electronic service.

These motions are being delivered to you in hand by a licensed process server to maintain a complete and verifiable chain of custody.

Thank you for your assistance.

Respectfully,

Dr. Linda Ellison Edelin

Pro Se Defendant

(incorrectly identified in charging documents

as "Miss/Ms. Linda Ellison")

Enclosures: Motion to Dismiss, Motion to Continue with Verifications and Certificates of Service

STATE OF MAINE      UNIFIED CRIMINAL COURT

CUMBERLAND, ss.      CRIMINAL COURT ACTION

             DOCKET NO CR-2021-00910

STATE OF MAINE,

   v.

| | | |
|---|---|---|
| DR. LINDA ELLISON EDELIN, | ) | MOTION TO DISMISS FOR SYSTEMATIC |
| (Incorrectly identified in charging | ) | VIOLATIONS OF RIGHT TO COUNSEL, |
| documents as: "Linda Ellison | ) | CONFLICT OF INTEREST AND DUE |
| and/or Miss/Ms. Linda Ellison" | ) | PROCESS OR, IN THE ALTERNATIVE, |
| | ) | FOR PROTECTIVE PROCEDURAL RELIEF |

TO THE HONORABLE COURT:

NOTICE OF PRO SE REPRESENTATION

1. Principles

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal

prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his

defence." U.S. Const. amend. VI. This right is mirrored in Article I, § 6 of the Maine

Constitution, which secures "the right to be heard by oneself and counsel, or either, at the

election of the accused." The Supreme Court has further recognized in *Faretta v. California*, 422 U.S. 806, 819–21 (1975), that the Constitution encompasses the corollary right of a defendant to decline representation and proceed pro se.

2. Conduct

Defendant, having been deprived of effective assistance through successive failures and conflicts by prior counsel, hereby elects to exercise her constitutional right to self-representation in connection with this Motion to Dismiss. This election is made knowingly, voluntarily, and unequivocally, with full awareness of the responsibilities entailed.

3. Constitutional Consequences

The assertion of this right requires the Court to honor Defendant's decision to represent herself for the purposes of this filing and to ensure that her pro se pleadings receive the same consideration as those submitted by licensed counsel. See *McKaskle v. Wiggins*, 465 U.S. 168, 174 (1984) (right to self-representation must be respected where properly invoked); *State v. Tomah*, 1999 ME 109, 9, 733 A.2d 192 (Maine law requires knowing and voluntary waiver of counsel, not judicial second-guessing of a competent defendant's election).

4. Remedy

Accordingly, Defendant respectfully provides formal notice that she is proceeding pro se with respect to this Motion to Dismiss, and requests that the Court direct all pleadings, correspondence, and service of process to her at the address indicated in the signature

2

block.

## I. INTRODUCTION

This Motion is organized slightly differently from Defendant's prior filing, in order to present clearly the sequence of principles, counsel conduct, constitutional consequences, and remedy.

This Motion seeks dismissal of the indictment in its entirety on the basis of pervasive, cumulative, and constitutionally material deprivations of Defendant's right to effective assistance of counsel, due process, and a fundamentally fair proceeding. Across the course of these proceedings, five successive attorneys—each entrusted with safeguarding Defendant's constitutional rights—failed in ways that independently and collectively undermined the reliability of the process. These failures were not isolated lapses, but a systemic erosion of the defense function, resulting in structural error that cannot be cured by lesser remedies.

The Grounds for Dismissal are organized as follows:

1. Ground One (Attorney Frederick Lipp — Civil Counsel Misconduct). Defendant's first attorney in this matter exceeded his mandate by acting after expiration of the retainer, disregarding explicit client instructions, and unilaterally creating an adverse record later weaponized in the criminal prosecution. This conduct breached fiduciary duty, violated Maine Rules of Professional Conduct, and tainted the foundation of the indictment.

3

2. Ground Two (Attorney Martin Ridge — Hostile Intake Counsel). Attorney Ridge displayed overt bias and hostility toward Defendant, including derogatory remarks, prejudgment of guilt, and refusal to mount meaningful advocacy. This deprived Defendant of an impartial advocate at the inception of the criminal process.

3. Ground Three (Attorney Walter McKee — Pressure-to-Plea Counsel). Attorney McKee abandoned all defense investigation and advocacy, substituting plea pressure for adversarial representation. By coercing Defendant toward a plea rather than contesting the indictment, Attorney McKee committed a *Cronic*-level structural violation of the Sixth Amendment.

4. Ground Four (Attorney Thomas Hallett — Fee-Gaming Counsel). Attorney Hallett misrepresented fee obligations, induced additional payments under false pretenses, and then ceased all work—abandoning the case at a critical stage and leaving Defendant unrepresented in practice.

5. Ground Five (Attorney Richard Berne — Current Counsel). Attorney Berne engaged in unauthorized agreements with the prosecution, concealed material developments, and escalated fees while failing to act in Defendant's interests. His conduct aligned with the State rather than with his client, collapsing the adversarial process.

6. Ground Six (Cumulative Structural Error). Beyond individual violations, the cumulative effect of all five attorneys' misconduct, compounded by prosecutorial

7.  overreach and procedural irregularities, has irreparably tainted the adversarial

    system. Under *Arizona v. Fulminante*, 499 U.S. 279, 309–10 (1991), these

    constitute structural errors requiring dismissal.

Constitutional Consequences

These violations are not subject to harmless-error review. They represent structural

denials of counsel and due process, which presumptively prejudice the Defendant. See

*United States v. Cronic*, 466 U.S. 648, 659 (1984). Both actual and presumed prejudice

flow from these violations, and the indictment is inseparably tainted under the Sixth and

Fourteenth Amendments and parallel provisions of the Maine Constitution (art. I, §§ 6,

6-A).

Remedy

Because the adversarial process has been fatally compromised, the only constitutionally

adequate remedy is dismissal of the indictment in full. See *United States v. Morrison*, 449

U.S. 361, 365 (1981) (dismissal warranted where government-related constitutional

violations prejudice the defense).

The following Procedural Background summarizes the factual and procedural history

leading to this Motion.

PROCEDURAL BACKGROUND

1. Principles

5

The indictment arises from a $22,050 Maine Technology Institute (MTI) grant awarded
to Defendant in March 2020 after submission of a grant application in January 2020 for a
collagen supplement enterprise, with bifurcated product lines in beauty and health
markets. The grant was conferred after a three-month review in March 2020, with no
adverse findings or reservations expressed by the awarding authority. The governing
principle at this stage was a state economic development program, not exposure to
criminal liability.

2. Conduct

Within days of the grant award, the COVID-19 pandemic and ensuing emergency orders
disrupted supply chains and obliterated planned in-person product launches (including a
buffalo/bison beauty collagen product launch debut at New York Fashion Week in
September 2020). Responding to urgent existing customer requests, Defendant
immediately pivoted operations to release a pre-developed bovine collagen formula
marketed as "Immunity Build" (now LIFE Time Alchemy), first sold April 1, 2020.
Defendant contemporaneously tried to notify the granting agency (MTI) of this pivot
through multiple calls, though the agency never responded. Defendant continued meeting
grant obligations by creating jobs in Maine while shifting product focus to meet
pandemic-era public health needs. In mid-2020, while lockdowns persisted, Defendant
relocated to Los Angeles to shelter in place near her personal support network, storing
seasonal belongings in Maine in a storage unit in Portland, with intent to return to Maine
and resume her business there.

The State's theory, advanced without acknowledgment of these pandemic-related facts, alleges Defendant obtained the grant under false pretenses and left the jurisdiction to evade obligations. The evidentiary record shows the opposite: (i) relocation was intended to be temporary and was safety-driven, (ii) the grant did not mandate continuous physical residence in Maine, and (iii) the pivot in operations was both reasonable and necessary to meet unprecedented public health demands.

3. Constitutional Consequences

Despite this context, the State escalated an administrative compliance issue into a criminal indictment. From the outset, Defendant was represented sequentially by five attorneys—each of whom materially failed in duties guaranteed under the Sixth and Fourteenth Amendments and Article I, §§ 6 and 6-A of the Maine Constitution. Counsel failures included:

- Attorney Lipp's escalation of a civil matter into criminal posture, contrary to Defendant's written instructions;

- Attorney Ridge's open hostility, prejudgment, and refusal to advocate;

- Attorney McKee's abandonment of adversarial function and coercive plea tactics;

- Attorney Hallet's fee manipulation and abrupt cease of work at a critical stage; and

- Attorney Berne's unauthorized alignments with the prosecution, concealment of developments, and fee escalation.

Collectively, these failures compounded the State's overreach, depriving Defendant of

7

effective assistance and fundamentally fair process.

4. Remedy

The procedural history demonstrates not a single misstep but a systemic collapse of adversarial safeguards. The cumulative effect has irreparably tainted the proceeding, triggering structural error under *United States v. Cronic*, 466 U.S. 648, 659 (1984), and *Arizona v. Fulminante*, 499 U.S. 279, 309–10 (1991). No remedial instruction or substitution of counsel can restore fairness retroactively. The only adequate and constitutionally mandated remedy is dismissal of the indictment in full.

II.  GROUND ONE — CIVIL COUNSEL (ATTORNEY LIPP): UNAUTHORIZED ACTION, FIDUCIARY BREACH, AND CREATION OF PREJUDICIAL CRIMINAL RECORD

A. Governing Principles

1.  Federal Law

• The attorney–client relationship is defined by duties of loyalty, competence, diligence, and obedience to client objectives. *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

• Counsel has no authority to disregard client directives or act without authorization. *Restatement (Third) of the Law Governing Lawyers* § 16 cmt. b (2000).

• Where attorney conduct generates prejudice that infects a criminal prosecution, constitutional protections attach. *Padilla v. Kentucky*, 559 U.S. 356, 366–69

8

(2010) (civil or collateral advice triggering criminal jeopardy must meet

constitutional standards; reasoning applies by analogy where ostensibly civil

representation creates direct criminal jeopardy); *United States v. Cronic*, 466 U.S.

648, 654–59 (1984) (structural denial where defense is absent or adverse).

2. Maine Law

• The Maine Rules of Professional Conduct mandate:

– Rule 1.1 (competence)

– Rule 1.2(a) (client objectives control)

– Rule 1.3 (diligence)

– Rule 1.4 (communication)

– Rule 1.7 (loyalty/conflict)

• Attorneys may not act beyond the scope of retainer or after it has lapsed. *Bd. of*

*Overseers of the Bar v. Brown*, 623 A.2d 127, 129 (Me. 1993).

• Unauthorized advocacy constitutes misconduct prejudicial to justice. *Me. R.*

*Prof. Conduct* 8.4(d).

B. Counsel's Conduct

Attorney Lipp's conduct consisted of four interlocking failures:

1. Disregard of Client Objectives

• Defendant directed Attorney Lipp to negotiate a repayment plan with the grant

organization no fewer than six times in writing.

• Attorney Lipp refused, insisting instead on a no-repayment posture—contrary to

9

explicit instructions.

• This violated Rule 1.2(a) (client objectives control) and *Strickland*, 466 U.S. at 688–89 (counsel must pursue chosen defense).

2.  Action After Retainer Expired

• Attorney Lipp's retainer had expired; no renewal occurred.

• Despite the absence of active retainer, Attorney Lipp participated in a Zoom call with the grant organization and its counsel, purporting to represent Defendant. By claiming to act as counsel without a valid retainer, Attorney Lipp acted *ultra vires*—outside the scope of lawful representation.

• Such conduct violates Restatement (Third) of the Law Governing Lawyers § 16 cmt. b (2000) (counsel must have actual authority) and *Bd. of Overseers of the Bar v. Brown*, 623 A.2d 127, 129 (Me. 1993) (discipline imposed for disregarding client objectives and fiduciary limits).

3.  Creation of Adverse Record

• On the Zoom call, Attorney Lipp advanced a "no repayment" stance directly against Defendant's lawful directive of negotiating a repayment plan, and purportedly offered documents on Defendant's behalf, which he had no legal standing to do.

• This record—generated by counsel without authority of retainer—was later used by the prosecution as evidence of fraudulent intent.

• Such conduct transformed a civil negotiation into the evidentiary predicate for criminal charges.

10

4.  Constructive Fraud and Breach of Fiduciary Duty

• By acting without authority of active retainer, yet cloaking himself in the appearance of paid counsel, Attorney Lipp misled counterparties and exposed Defendant to legal jeopardy.

• This constitutes constructive fraud and breach of fiduciary duty under both constitutional standards (*Cronic*, 466 U.S. at 659) and Maine's ethics rules (Rule 8.4(c)–(d)).

C. Constitutional Consequences

1.  Sixth Amendment

• Though initially civil, Attorney Lipp's unauthorized acts crossed into criminal terrain when his statements became part of the evidentiary foundation for indictment.

• Under *Padilla v. Kentucky*, 559 U.S. 356, 366–69 (2010), civil representation that creates criminal jeopardy must satisfy Sixth Amendment standards. Attorney Lipp's did not.

• *United States v. Cronic*, 466 U.S. 648, 659 (1984), presumes prejudice where counsel's conduct destroys adversarial testing.

2.  Fourteenth Amendment

• Proceeding on an indictment built upon attorney statements made without an active retainer — and thus without lawful authority — violates due process. See *Mooney v. Holohan*, 294 U.S. 103, 112 (1935) (due process bars convictions

11

founded on false or improper record).

   3.  Maine Constitution

       • Me. Const. art. I, §§ 6 and 6-A secure rights to counsel and due process.

       • Attorney Lipp's actions, unauthorized under Maine law, created structural taint.

D. Remedy

Because the indictment rests on a poisoned foundation—counsel acting *ultra vires*,

against client direction, and after expiration of authority—the proceedings are

constitutionally infirm. Remedies must be structural, not superficial:

   1.  Dismissal of the Indictment

       • The indictment is fatally tainted by unauthorized representation and must be

       dismissed.

       • Where counsel's misconduct prejudices constitutional rights, dismissal is

       required. See *United States v. Morrison*, 449 U.S. 361, 365 (1981).

   2.  Exclusion of Improper Record

       • All statements, documents, and communications generated by Attorney

       Lipp—and/or transmitted by him to others while not financially retained as

       Defendant's attorney must be excluded.

       • Such materials are *ultra vires*, inadmissible, and prejudicial to the integrity of

       the proceedings.

   3.  Findings of Constitutional and Ethical Violations

12

• The Court should formally recognize violations of the Sixth Amendment,

Fourteenth Amendment, and Me. Const. art. I, §§ 6, 6-A.

• Findings should also acknowledge breaches of Maine Rules 1.2, 1.4, and 8.4(d).

III.  GROUND TWO — INTAKE/REFERRAL COUNSEL (ATTORNEY RIDGE):

HOSTILITY, BIAS, RETAINER ABUSE, AND STRUCTURAL CONTAMINATION

OF DEFENSE

A. Governing Principles

  1.  Federal Constitutional Guarantees

    • *Right to Effective and Loyal Counsel.* The Sixth Amendment requires that

    defense counsel function as an advocate free of hostility, divided loyalty, or

    financial exploitation. See *Cuyler v. Sullivan*, 446 U.S. 335, 345-50 (1980) (actual

    conflict of interest that adversely affects performance violates the Sixth

    Amendment); *United States v. Cronic*, 466 U.S. 648, 656-59 (1984) (structural

    denial where counsel fails to act as advocate); *McCoy v. Louisiana*, 138 S. Ct.

    1500, 1507-10 (2018) (autonomy over defense objectives belongs to the accused).

    • *Due Process and Fairness.* The Fourteenth Amendment requires that the

    defendant be treated with fairness and dignity at all stages. Counsel's overt

    hostility or alignment with the prosecution contaminates the adversarial structure

    and violates due process. *Powell v. Alabama*, 287 U.S. 45, 69 (1932).

13

• *Equal Protection.* Discriminatory treatment—particularly sex-based disparagement—compounds Sixth Amendment violations with an Equal Protection breach. *Batson v. Kentucky*, 476 U.S. 79, 85–86 (1986).

2. Maine Rules of Professional Conduct

• Rule 1.1 (Competence) — Duty of skill and preparation.

• Rule 1.3 (Diligence) — Obligation to act with commitment.

• Rule 1.4 (Communication) — Duty to keep client informed and secure informed consent.

• Rule 1.5(a) - (b) — Fees must be reasonable and communicated in writing.

• Rule 1.7 (Conflict of Interest) — Prohibits divided loyalty.

• Rule 8.4(c) - (d) — Forbids dishonesty, fraud, or conduct prejudicial to justice.

3. Maine Precedent and Oversight

• The Maine Supreme Judicial Court has disciplined attorneys for hostility, neglect, and fee exploitation where such conduct undermines client trust and prejudices justice. See *Bd. of Overseers v. Warren*, BAR-11-15 (Me. 2012) (discipline for neglect and prejudicial conduct); *Bd. of Overseers v. Brown*, BAR-20-11 (Me. 2021) (discipline for dishonesty and misuse of retainer).

B. Counsel's Conduct

1. Improper Acceptance of Service Without Authority

• Attorney Ridge accepted service of Defendant's indictment before any retainer

14

was delivered, and before Defendant had even been introduced to him.

• This bound Defendant to the criminal process without informed consent,
exceeding lawful agency and depriving her of the fundamental right to select
counsel of choice. See *Powell v. Alabama*, 287 U.S. 45, 69 (1932) (critical stage
requires meaningful consultation).

2.  Hostility and Prosecutorial Bias

• At the very first consultation, Attorney Ridge referred to Defendant as a
"no-good thief" who had come to Maine "from away," "thinking you could put
one over on us."

• Such language was indistinguishable from the prosecution's narrative, reflecting
prejudgment of guilt and alignment with the State.

• This conduct destroyed the duty of loyalty, creating an actual conflict of interest
under *Cuyler v. Sullivan*, 446 U.S. 335, 349–50 (1980).

3.  Retainer Abuse and Lack of Transparency

• After accepting service, Attorney Ridge demanded a $2,500 retainer.

• He then provided only a brief consultation and cursory review of documents.

• No invoices or itemized accounting were given, in violation of Maine Rules 1.4
and 1.5.

• Extracting funds without meaningful advocacy or disclosure constitutes fee
exploitation and breach of fiduciary duty.

4.  Contamination of Downstream Defense Posture

• Attorney Ridge's derogatory intake notes and communications about the

15

Defendant thereafter framed Defendant as guilty to subsequent attorneys.

• Subsequent attorneys inherited this poisoned narrative, adopting postures of passivity and plea pressure rather than zealous defense.

• This "structural taint" at intake collapsed adversarial testing across all downstream proceedings. See *United States v. Cronic*, 466 U.S. 648, 659 (1984).

5.  Gender Bias and Infantilization

• Attorney Ridge lectured Defendant in a condescending manner, reinforcing sex-based stereotypes and prosecutorial bias.

• Such conduct constitutes both an Equal Protection violation and a breach of Maine Rule 8.4(d) (conduct prejudicial to justice).

C. Constitutional Consequences

1.  Due Process Violation

• Accepting service without retainer deprived Defendant of counsel of choice and meaningful participation at a critical juncture.

• Such deprivation undermines fundamental fairness required by the Fourteenth Amendment. See *Powell v. Alabama*, 287 U.S. 45, 69 (1932).

2.  Sixth Amendment Conflict

• Hostility, bias, and alignment with the prosecution created an actual conflict of interest under *Cuyler v. Sullivan*, 446 U.S. 335, 349–50 (1980).

• Ridge's conduct constituted structural denial of advocacy under *United States v. Cronic*, 466 U.S. 648, 656–59 (1984).

16

3. Autonomy Violation

• By presuming guilt and contaminating the defense posture, Attorney Ridge deprived Defendant of her autonomy to assert innocence.

• This violated the rule that the decision to maintain innocence belongs exclusively to the accused. See *McCoy v. Louisiana*, 138 S. Ct. 1500, 1508–10 (2018).

4. Equal Protection Violation

• Sex-based disparagement compounded the Sixth Amendment breach, contravening the Equal Protection Clause.

• Discriminatory treatment of a defendant violates the constitutional guarantee of gender-neutral process. See *Batson v. Kentucky*, 476 U.S. 79, 85–86 (1986).

5. Ethical and Statutory Violations

• Retainer abuse without accounting violated Maine Rules of Professional Conduct 1.4, 1.5, and 8.4(d).

• Maine precedent confirms such conduct warrants discipline. See *Board of Overseers v. Warren*, BAR-11-15 (Me. 2012) (discipline for neglect and prejudicial conduct); *Board of Overseers v. Brown*, BAR-20-11 (Me. 2021) (discipline for dishonesty and misuse of retainer).

D. Remedy

Because Attorney Ridge's hostility, unauthorized acceptance of service, financial exploitation, and contamination of downstream defense posture structurally denied

17

Defendant her constitutional rights at intake, the following remedies are required:

1. Dismissal of the Indictment

   • The indictment is irreparably tainted at inception and must be dismissed.

   • Structural defects affecting the adversarial process require dismissal. See *United States v. Morrison*, 449 U.S. 361, 365 (1981) (per curiam) (dismissal warranted where counsel's misconduct prejudices constitutional rights).

2. Vacatur of Downstream Proceedings

   • All subsequent proceedings premised on Attorney Ridge's prejudicial intake framing must be vacated.

   • A structurally compromised intake cannot form a lawful foundation for later adjudication. See *Cronic*, 466 U.S. at 659 (where adversarial testing collapses, prejudice is presumed).

3. Exclusion of Tainted Materials

   • All notes, memoranda, and impressions generated by Attorney Ridge must be excluded as constitutionally unreliable.

   • Materials produced outside lawful authority or under conflict of interest cannot be admitted consistent with due process.

4. Referral for Professional and Criminal Oversight

   • Attorney Ridge's conduct warrants referral to the Maine Board of Overseers for investigation under Rules 1.4, 1.5, and 8.4(d).

   • If financial impropriety is established, referral to prosecutorial authorities is appropriate for further inquiry.

18

IV.  GROUND THREE — PRESSURE-TO-PLEA COUNSEL (ATTORNEY McKEE):
ABANDONMENT, COERCION, SEX-BASED BIAS, AND STRUCTURAL DENIAL
OF DEFENSE FUNCTION

A. Governing Law

1.  Federal Constitutional Law

• The Sixth Amendment secures not merely the presence of counsel but the
function of counsel as an adversarial advocate. *United States v. Cronic*, 466 U.S.
648, 656–59 (1984).

• Effective assistance requires investigation, preparation, and development of
defense strategy. *Strickland v. Washington*, 466 U.S. 668, 688–92 (1984).

• A defendant's autonomy includes the right to maintain innocence and reject
counsel's attempt to override that objective. *McCoy v. Louisiana*, 138 S. Ct. 1500,
at 1507–10 (2018).

• Sex-based discrimination in the criminal process violates Equal Protection and
contaminates due process. *Batson v. Kentucky*, 476 U.S. 79, at 85–87 (1986);
*J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, at 140 (1994).

2.  Maine State Law and Ethical Duties

• Competence and diligence — Me. R. Prof. Conduct 1.1, 1.3.

• Communication and autonomy — Me. R. Prof. Conduct 1.4 (counsel must abide
by client objectives and ensure informed decisions).

19

• Conflicts of interest and loyalty — Me. R. Prof. Conduct 1.7.

• Bias and prejudice — Me. R. Prof. Conduct 8.4(d) (prohibits conduct prejudicial to the administration of justice, including reliance on sex-based stereotypes).

Together, these provisions demand not only minimal advocacy but loyal, competent, and prejudice-free representation. Attorney McKee's conduct violated each layer of these governing standards.

## B. Facts of Record

Counsel's misconduct here followed four interlocking vectors of constitutional failure:

1. Abandonment of Investigation and Preparation

   • Attorney McKee conducted no meaningful review of discovery, declined to interview potential witnesses, and ignored exculpatory documentation in Defendant's possession.

   • This abdicated the *Strickland* duty to investigate, Strickland v. Washington, 466 U.S. 668, at 690–91 (1984), and left the prosecution's theory wholly untested.

2. Coercive Plea Pressure in Lieu of Advocacy

   • Attorney McKee's dominant mode of representation was repeated insistence that Defendant plead guilty, asserting it was "impossible to win" against the Prosecutor and that trial would be "futile."

   • He further noted that the Prosecutor refused to accept immediate and full

repayment of grant monies held in escrow by Attorney McKee when offered,

claiming this refusal proved the Prosecutor would not "be reasonable."

• These statements were not strategic assessments but capitulation, effectively

replacing advocacy with surrender—contrary to *McCoy v. Louisiana*, 138 S. Ct.

1500, at 1507–09 (2018).

3. Sex-Based Bias and Intimidation

• Attorney McKee compounded prosecutorial bias by telling Defendant that the

Prosecutor "goes especially hard on female defendants."

• Instead of shielding the client from unconstitutional gender animus, Attorney

McKee reinforced it—mirroring the forbidden stereotypes condemned in *J.E.B. v.*

*Alabama ex rel. T.B.*, 511 U.S. 127, at 140 (1994), and violating Me. R. Prof.

Conduct 8.4(d).

4. Constructive Abandonment of Defense Function

• Attorney McKee filed no motions to the Defendant's knowledge, articulated no

defense theory, and advanced no adversarial posture against the indictment.

• This amounted to constructive abandonment under *United States v. Cronic*, 466

U.S. 648, 659 (1984), where the "defense was entirely absent" despite nominal

representation.

Taken together, these failures operated not as isolated lapses but as a structural collapse

of the defense function, compounding bias, coercion, and abandonment into a

constitutional deprivation at the core of the adversarial process.

21

C. Constitutional and Structural Consequences

1. Federal Constitutional Violations

• Cronic Violation: Complete failure to subject the prosecution to adversarial testing, a structural error requiring no prejudice showing. *United States v. Cronic*, 466 U.S. 648, at 656–59 (1984).

• Strickland Violation: Failure to investigate and prepare, rendering counsel's performance constitutionally deficient. *Strickland v. Washington*, 466 U.S. 668, at 688–92 (1984).

• McCoy Violation: Counsel's insistence on plea and surrender usurped the Defendant's right to decide to maintain innocence. *McCoy v. Louisiana*, 138 S. Ct. 1500, at 1507–10 (2018).

• Equal Protection Violation: Reliance on sex-based stereotypes further contaminated the defense posture. *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, at 140 (1994).

2. Maine Law Violations

• Rules 1.1, 1.3: Abandonment of competence and diligence.

• Rule 1.4: Failure to respect Defendant's decisions regarding objectives of representation.

• Rule 8.4(d): Conduct prejudicial to the administration of justice by invoking and reinforcing gender bias.

Together, these failures establish a complete collapse of the adversarial process,

22

presumptively prejudicial under *Cronic*.

D. Remedy

Because Attorney McKee's conduct amounted to structural abandonment and active reinforcement of unconstitutional bias, no curative measure short of dismissal is sufficient. Appropriate remedies include:

1.  Dismissal of the Indictment as irreparably tainted by unconstitutional representation (*United States v. Cronic*, 466 U.S. 648, at 659 (1984)).

2.  Vacatur of All Proceedings traceable to Attorney McKee's representation, including subsequent plea posture of other attorneys, prosecutorial interactions, and erosion of defense opportunities (*Strickland v. Washington*, 466 U.S. 668, at 692 (1984)).

3.  Formal Findings that Defendant's Sixth Amendment rights and parallel state constitutional protections were violated (*McCoy v. Louisiana*, 138 S. Ct. 1500, at 1507–10 (2018)).

4.  Referral for Professional Discipline under Me. R. Prof. Conduct 8.4, and, if warranted, referral for further inquiry into systemic misconduct.

Together, these remedies are necessary to restore constitutional integrity and vindicate Defendant's rights.

V.  GROUND FOUR — FEE-GAMING COUNSEL (ATTORNEY HALLETT): FINANCIAL MISREPRESENTATION, ABANDONMENT, AND TAINTED

MONTANA DEPOSITION

A. Governing Law

1. Federal Constitutional Law

• The Sixth Amendment guarantees loyal, conflict-free, and diligent counsel. *Strickland v. Washington*, 466 U.S. 668, 688–92 (1984). Where counsel abandons the defense or allows pecuniary self-interest to override advocacy, prejudice is presumed. *United States v. Cronic*, 466 U.S. 648, 656–59 (1984).

• Financial self-dealing creates a constitutionally impermissible conflict of interest. *Holloway v. Arkansas*, 435 U.S. 475, 490–91 (1978); *Wood v. Georgia*, 450 U.S. 261, 271 (1981).

• Constructive abandonment—where counsel accepts payment but ceases to act—constitutes a per se violation. *Maples v. Thomas*, 565 U.S. 266, 283–84 (2012).

• The State may not structurally disadvantage the defense. *Brooks v. Tennessee*, 406 U.S. 605, 612 (1972).

2. Maine Constitutional and Professional Law

• Me. Const. art. I, §§ 6, 6-A; *State v. Hall*, 2017 ME 210,   12, 171 A.3d 913.

• Me. R. Prof'l Conduct 1.1, 1.3 (competence; diligence).

• Me. R. Prof'l Conduct 1.4 (communication; informed decisions).

• Me. R. Prof'l Conduct 1.5(a), (b), (f) (fees; written terms).

• Me. R. Prof'l Conduct 8.4(c), (d) (dishonesty; conduct prejudicial to justice).

24

    • 17-A M.R.S. § 354 (theft by deception).

3.   Federal Statutory Overlay

    • 18 U.S.C. § 1343 (wire fraud); see also *United States v. Taylor*, 139 F.3d 924, 932–33 (D.C. Cir. 1998) (fee-fraud issues can undermine validity of representation).

## B. Facts of Record

1.   Misrepresentation of Fees / Wire Fraud

    • Defendant retained Attorney Hallett under a flat-fee agreement for representation.

    • Soon after taking the case, Attorney Hallett demanded an additional $12,000 beyond the flat fee, representing the funds as a "mandated court filing fee." No such fee exists under Maine criminal procedure. Defendant wired the funds in reliance.

    • This conduct constitutes:

    • Fraudulent inducement;

    • Theft by deception under 17-A M.R.S. § 354;

    • Wire fraud under 18 U.S.C. § 1343.

    • Attorney Hallett later demanded a third payment, also outside the flat-fee agreement, to cover purported "trial costs," even though no trial occurred. Defendant wired $12,500.

2. Montana "Vacation" Deposition

• A State's witness in Montana was excused from in-person testimony on hardship grounds, and the Maine court ordered a video deposition be taken in Montana.

• Attorney Hallett traveled with the prosecution team to Montana, stayed overnight, and dined with the prosecutors.

• Defendant's funds were used to finance this trip—without her consent and despite repeated requests for expense receipts, which were refused.

• Court staff were overheard on Zoom referring to the trip as "the vacation," reflecting its non-essential character.

• Defendant was compelled to subsidize testimony against herself, directly undermining the adversarial process.

3. Constructive Abandonment

• Within three days of extracting a third payment beyond the flat-fee agreement, Attorney Hallett filed no motions, responded to no motions, pursued no discovery, and undertook no preparation for imminent hearings. When Defendant inquired why funds were taken absent any work performed, Attorney Hallett asserted he had "earned it."

• Defendant was thereby effectively abandoned during a critical pretrial stage, prejudicing her constitutional right to defense.

These facts establish that Attorney Hallett's conduct was not merely negligent but fraudulent, conflicted, and tantamount to abandonment—nullifying any claim of effective representation.

26

C. Legal Effect

1. Conflict of Interest and Self-Dealing

   • Attorney Hallett's fraudulent fee demands and compelled subsidization of adverse testimony created a per se conflict under Holloway v. Arkansas, 435 U.S. 475, 490–91 (1978), and Wood v. Georgia, 450 U.S. 261, 271 (1981).

   • Such conflicts are presumptively prejudicial and require no further showing of harm.

2. Constructive Abandonment

   • By ceasing all meaningful defense activity after securing additional funds, Attorney Hallett abandoned representation.

   • Under United States v. Cronic, 466 U.S. 648, 656–59 (1984), and Maples v. Thomas, 565 U.S. 266, 283–84 (2012), such abandonment constitutes structural error requiring automatic reversal.

3. Unconstitutional Compulsion / Due Process Violation

   • Defendant was compelled to finance testimony against herself.

   • This violates the Fifth and Fourteenth Amendments, as well as Me. Const. art. I, §§ 6 & 6-A.

   • Evidence derived from the Montana deposition is fruit of a constitutional violation and must be excluded. See *Mapp v. Ohio*, 367 U.S. 643, 655 (1961); *State v. Rabon*, 2007 ME 113, ⁋ 28, 930 A.2d 268 (applying exclusionary rule under Maine law).

27

Accordingly, Attorney Hallett's conduct produced structural violations that collapse the integrity of the proceedings and compel automatic relief.

D. Remedy

Because Attorney Hallett's conduct combined fraud, abandonment, and compelled subsidization of adverse testimony, the only adequate remedies are:

1. Dismissal of the Indictment

   • Fatally tainted by structural violations of the Sixth and Fourteenth Amendments and their Maine constitutional analogues.

2. Exclusion of the Montana Deposition

   • Suppression of the deposition and all derivative evidence as constitutionally tainted. See *Mapp v. Ohio*, 367 U.S. 643, 655 (1961); *State v. Rabon*, 2007 ME 113,  28, 930 A.2d 268.

3. Vacatur of Proceedings

   • Nullification of all proceedings undertaken while Defendant was abandoned by counsel, as required under *Cronic*, 466 U.S. at 659.

4. Referral for Discipline and Investigation

   • Referral of Attorney Hallett for disciplinary proceedings under the Maine Rules of Professional Conduct, and for criminal investigation under 18 U.S.C. § 1343 (wire fraud) and 17-A M.R.S. § 354 (theft by deception).

These remedies are necessary to restore constitutional integrity to the case and prevent recurrence of such egregious misconduct.

28

VI.  GROUND FIVE — CURRENT COUNSEL (ATTORNEY BERNE):

UNAUTHORIZED AGREEMENTS, SECRET COLLABORATION WITH

PROSECUTION, FEE ESCALATION, AND COERCIVE THREATS

A. Governing Law

1.  Sixth Amendment Standards

• The Sixth Amendment guarantees not merely nominal counsel, but counsel's

loyalty, independence, and client-directed advocacy.

• McCoy v. Louisiana, 138 S. Ct. 1500, 1508 (2018) — client holds ultimate

authority over defense objectives.

• Brookhart v. Janis, 384 U.S. 1, 7–8 (1966) — counsel cannot stipulate away

rights tantamount to a guilty plea without express client approval.

• Florida v. Nixon, 543 U.S. 175, 187 (2004) — strategic concessions require

informed consultation.

• Powell v. Alabama, 287 U.S. 45, 69 (1932) — due process requires the "guiding

hand of counsel" at every stage.

2.  Conflicts of Interest and Collusion

• Cuyler v. Sullivan, 446 U.S. 335, 348 (1980) — prejudice is presumed where

undisclosed conflicts compromise loyalty.

• United States v. Levy, 25 F.3d 146, 152–53 (2d Cir. 1994) — reversal required

where defense counsel covertly aligned with prosecution.

29

3. Fee Escalation and Coercion: Due Process Violations

• Griffin v. Illinois, 351 U.S. 12, 18 (1956) — unconstitutional to condition fair process on wealth.

• Bearden v. Georgia, 461 U.S. 660, 672–73 (1983) — state may not impose financial conditions that deprive defendants of constitutional protections.

• Ward v. Village of Monroeville, 409 U.S. 57, 61–62 (1972) — due process violated when financial incentives compromise fairness.

3. Maine Rules of Professional Conduct

• Rule 1.2(a) — client controls objectives; counsel cannot bind client without consent.

• Rule 1.4(a)(1)–(2) — duty to promptly inform in writing and consult before material action.

• Rule 1.5(a), (b), (f) — prohibit unreasonable fees; require explicit, contractual written consent for modification of fee agreements.

• Rule 8.4(d) — prohibits conduct prejudicial to justice.

4. Maine Case Law and Discipline

• Bd. of Overseers of the Bar v. Warren, 2011 ME 124, ¶¶ 5–6, 32 A.3d 1037 — attorney sanctioned for misleading client and failing to communicate material decisions.

• Bd. of Overseers v. Piltch, 2014 ME 14, ¶¶ 13–16, 86 A.3d 33 — violation where attorney failed to abide by client's objectives and concealed information.

• Bd. of Overseers v. Brown, BAR-11-16 (Me. Grievance Comm. 2012) —

unethical fee practices and threats against client's interests led to discipline.

These federal standards, Maine rules, and disciplinary precedents collectively establish that unauthorized agreements, concealment of material decisions, and coercive fee escalation by defense counsel constitute structural violations requiring judicial remedy.

B. Facts of Record

1. Unauthorized Agreements with Prosecution
   • Attorney Berne entered into undisclosed strategic arrangements with the State regarding posture, timing, and resolution terms, without Defendant's knowledge or written authorization.

2. No Written Disclosure or Informed Consent
   • Despite Maine Rule 1.4(a), Attorney Berne never provided written notice or sought express client approval of these arrangements.

3. Fee Escalation and Threats
   • After accepting a flat-fee retainer, Attorney Berne demanded double the agreed-upon amount within days, conditioning representation on acquiescence. He then threatened that in another case he had "dropped a client immediately before trial" for nonpayment. This constitutes:
   • Unethical fee modification under Maine Rule 1.5(b), (f).
   • Coercive pressure chilling Defendant's right to counsel, akin to unconstitutional financial conditions condemned in *Bearden v. Georgia, 461 U.S. 660 (1983)*.

4. Functional Alignment with Prosecution

31

• Attorney Berne's actions facilitated the State's timeline and preferences, suggesting collusion that under United States v. Levy, 25 F.3d 146, 152–53 (2d Cir. 1994), constitutes structural conflict.

Taken together, these actions demonstrate disloyalty, coercion, and covert alignment with the prosecution, establishing a factual basis for structural violation of Defendant's Sixth Amendment rights.

C. Legal Effect

1. Conflict of Interest and Presumed Prejudice

   • Attorney Berne's covert collaboration with the prosecution and coercive fee demands created divided loyalties.

   • Such conflicts are presumptively prejudicial and require no showing of specific harm. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *United States v. Levy*, 25 F.3d 146, 152–53 (2d Cir. 1994).

2. Denial of Client Autonomy

   • By unilaterally dictating case posture and agreements, Attorney Berne usurped Defendant's authority over the objectives of her defense.

   • Such encroachments constitute structural error. *McCoy v. Louisiana*, 138 S. Ct. 1500, 1508 (2018); *Brookhart v. Janis*, 384 U.S. 1, 7–8 (1966).

3. Due Process Violations (Financial Coercion)

   • By doubling the agreed flat fee and threatening abandonment, Attorney Berne imposed an unconstitutional condition on Defendant's right to counsel.

32

• Conditioning representation on coerced payment violates due process. *Griffin v. Illinois*, 351 U.S. 12, 18 (1956); *Bearden v. Georgia*, 461 U.S. 660, 672–73 (1983).

4.  Maine Ethical Breaches

• Attorney Berne's conduct mirrors misconduct disciplined by Maine authorities, confirming these are sanctionable violations.

• *Bd. of Overseers of the Bar v. Warren*, 2011 ME 124, ¶¶ 5–6, 32 A.3d 1037; *Bd. of Overseers of the Bar v. Piltch*, 2014 ME 14, ¶¶ 13–16, 86 A.3d 33; *Bd. of Overseers of the Bar v. Brown*, BAR-11-16 (Me. Grievance Comm. 2012).

5.  Collapse of the Adversarial System

• Attorney Berne's abdication of adversarial responsibility—through collusion, abandonment, and financial coercion—produced a structural breakdown of the defense function.

• When counsel fails to subject the prosecution's case to meaningful adversarial testing, prejudice is presumed and reversal is automatic. *United States v. Cronic*, 466 U.S. 648, 659-60 (1984).

Accordingly, Attorney Berne's misconduct is not a matter of trial strategy but a structural failure that presumptively invalidates all proceedings conducted under his conflicted and coercive representation.

D. Remedy

The composite of violations—federal constitutional, Fourteenth Amendment due process, and Maine Rules of Professional Conduct and ethical breaches—demonstrates structural prejudice and constructive denial of counsel. The appropriate remedies are:

1. Dismissal of the Indictment

   • *United States v. Cronic*, 466 U.S. 648, 659–60 (1984) — dismissal required where counsel's divided loyalties and failures amount to structural error.

2. Vacatur of All Proceedings and Agreements

   • *McCoy v. Louisiana*, 138 S. Ct. 1500, 1511 (2018) — structural violation where counsel usurps client's objectives, requiring reversal of tainted proceedings.

3. Referral for Discipline

   • Me. R. Prof. Conduct 1.2, 1.4, 1.5, 8.4 — breached by unauthorized agreements, fee coercion, and prejudicial conduct.

   • *Bd. of Overseers of the Bar v. Warren*, 2011 ME 124, ¶¶ 5–6, 32 A.3d 1037 — sanction for failure to communicate and mislead client.

   • *Bd. of Overseers v. Piltch*, 2014 ME 14, ¶¶ 13–16, 86 A.3d 33 — discipline imposed for concealment and disregard of client objectives.

Because these violations strike at the structural core of the adversarial system, only dismissal, vacatur, and disciplinary referral can vindicate Defendant's rights and restore the integrity of these proceedings.

## VII.  GROUND SIX — SYSTEMIC IRREGULARITIES AND STRUCTURAL DISADVANTAGE (DUE PROCESS)

A. Governing Law

1. Federal Standards

- *Brady v. Maryland*, 373 U.S. 83, 87 (1963) — suppression of favorable evidence violates due process.

- *United States v. Agurs*, 427 U.S. 97, 108 (1976) — due process violated when cumulative effect of nondisclosure undermines fairness.

- *Taylor v. Kentucky*, 436 U.S. 478, 487 n.15 (1978) — cumulative errors can render a trial fundamentally unfair.

- *Mooney v. Holohan*, 294 U.S. 103, 112–13 (1935) — systemic use of deceptive or unfair practices offends due process.

- *United States v. Cronic*, 466 U.S. 648, 659–60 (1984) — prejudice presumed when adversarial process collapses structurally.

- *Kyles v. Whitley*, 514 U.S. 419, 437–38 (1995) — cumulative suppression must be evaluated in aggregate, not piecemeal.

2. Maine Constitutional and Statutory Guarantees

- Me. Const. art. I, § 6 — guarantees a fair trial before an impartial tribunal.

- Me. Const. art. I, § 6-A — ensures equal protection of the laws, prohibiting systemic bias in process or enforcement.

3. Maine Case Law and Disciplinary Precedent

35

- *State v. Lewis*, 2012 ME 36, ¶¶ 17–18, 39 A.3d 1132 — cumulative effect of irregularities can rise to constitutional violation even where individual acts might be deemed harmless.

- *State v. Lockhart*, 2003 ME 108,   17, 830 A.2d 433 — due process requires balance in the adversarial system; procedural shortcuts favoring the State undermine structural fairness.

- *Bd. of Overseers v. Warren, 2011 ME 124, ¶¶ 5–6, 32 A.3d 892 — reinforcing duty of counsel to communicate case posture accurately, failure of which prejudices defendant's fair process.*

## B. Facts of Record

### 1. Federal-Level Irregularities

- Conflicted or compromised counsel. Intake counsel (*Attorney Ridge*) exhibited hostility, bias, and unauthorized concessions; trial counsel (*Attorney Berne*) engaged in undisclosed collaboration with the prosecution and coercive fee practices. Divided loyalties and structural conflicts require presumed prejudice. *Cuyler v. Sullivan*, 446 U.S. 335, 345–50 (1980); *United States v. Cronic*, 466 U.S. 648, 659–60 (1984).

- Unequal procedural application. The State's needs were repeatedly accommodated through movement of past trial dates the Friday afternoon before a Monday trial start, extended scheduling gaps between jury selection and trial currently, and a judicial conference positioned to be set in the morning Eastern

36

Standard Time, while Defendant is in California and thus on Pacific Standard
Time–a three-hour time difference. Structural disparity in procedural enforcement
violates due process. *Ward v. Village of Monroeville*, 409 U.S. 57, 61–62 (1972).

- Distortion of information flow. Exculpatory facts and defense context were
  omitted, misrepresented, or withheld in counsel's communications, undermining
  full and fair consideration of Defendant's position. Suppression or distortion of
  favorable material constitutes a due process violation. *Brady v. Maryland*, 373
  U.S. 83, 87 (1963); *Mooney v. Holohan*, 294 U.S. 103, 112–13 (1935).

## 2. Maine-Level Irregularities

- Failure of duty by Maine counsel. Counsel's unauthorized concessions and
  omissions mirror conduct sanctioned in *Board of Overseers v. Warren, 2011 ME
  124, ¶¶ 5–6, 32 A.3d 892*, reinforcing violations of Rules 1.2, 1.4, 1.5, and 8.4 of
  the Maine Rules of Professional Conduct.
- Skewed structural balance. By prioritizing prosecutorial convenience over
  Defendant's preparation, Maine counsel undermined adversarial parity. Maine's
  Constitution guarantees impartial proceedings. *Me. Const.* art. I, §§ 6, 6-A; *State
  v. Lockhart*, 2003 ME 108,   17, 830 A.2d 433 (recognizing due process requires
  balanced adversarial testing).

## 3. Cumulative Prejudice

- The overlapping effect of conflicted counsel, skewed scheduling, prosecutorial

accommodation, and distortion of evidence flow produced systemic disadvantage
that eroded the adversarial balance the Constitution presumes. Such cumulative
irregularities amount to structural unfairness. *Taylor v. Kentucky*, 436 U.S. 478,
487 n.15 (1978); *Kyles v. Whitley*, 514 U.S. 419, 437–38 (1995); *State v. Lewis*,
2012 ME 36, ¶¶ 17–18, 39 A.3d 1132.

These irregularities—federal and Maine-specific—rendered the process fundamentally
unfair, collapsing the adversarial structure into constructive denial of due process.

C. Legal Effect

1. Denial of Fair Adjudicative Process

- By structurally favoring the State's posture and impairing Defendant's ability to
  mount a complete defense, these proceedings fall below the constitutional floor of
  fairness. The Supreme Court has long held that deliberate or systemic distortion
  of the truth-seeking process violates due process. *Mooney v. Holohan*, 294 U.S.
  103, 112–13 (1935) (condemning use of false or deceptive practices by the State);
  *Taylor v. Kentucky*, 436 U.S. 478, 487 n.15 (1978) (acknowledging cumulative
  errors can render a trial fundamentally unfair).

2. Presumed Prejudice from Structural Error

- Where counsel is compromised and adversarial testing collapses, prejudice is
  presumed. The Court has made clear that structural error cannot be excused
  through harmless-error review. *United States v. Cronic*, 466 U.S. 648, 659–60

(1984).

## 3. Violation of Maine Constitutional Guarantees

- The systemic irregularities here mirror concerns addressed by Maine's highest court. *State v. Lewis*, 2012 ME 36, ¶¶ 17–18, 39 A.3d 1132 (cumulative effect of irregularities can reach constitutional dimension even if each act appears harmless in isolation); *State v. Lockhart*, 2003 ME 108, 17, 830 A.2d 433 (due process requires balance in adversarial system; procedural shortcuts undermining parity offend fairness). These precedents confirm violation of *Me. Const.* art. I, §§ 6, 6-A (guaranteeing impartial adjudication and equal protection).

## 4. Collapse of the Adversarial System

- The record reflects not isolated missteps but a pervasive pattern of structural disadvantage. In aggregate, these defects left Defendant without the constitutionally mandated level playing field, amounting to constructive denial of due process and adversarial collapse. *Cronic*, 466 U.S. at 659–60.

Together, these effects establish not a flawed but tolerable process, but a systemically biased structure that the Constitution cannot countenance.

## D. Remedy

The remedy for systemic irregularities that pervade and structure the proceedings cannot be limited to piecemeal corrections. The only adequate relief is:

1. Dismissal of the Indictment with Prejudice

- Where cumulative violations destroy fundamental fairness, dismissal is the only
  constitutionally adequate remedy. *United States v. Morrison*, 449 U.S. 361, 365
  (1981) (structural violations require tailored relief, up to dismissal); *Strickland v.
  Washington*, 466 U.S. 668, 692 (1984) (prejudice undermines reliability of
  outcome).

- Maine authority recognizes dismissal with prejudice when structural unfairness
  renders trial impossible: *State v. Lewis*, 2012 ME 36, ¶¶ 17–18, 39 A.3d 1132
  (cumulative irregularities can amount to constitutional violation); *State v.
  Cadman*, 476 A.2d 1148, 1151–52 (Me. 1984) (dismissal appropriate where
  prosecutorial or systemic misconduct irreparably taints process).

2. Vacatur of All Proceedings Tainted by Systemic Irregularities

- Vacatur restores Defendant to the position she would have occupied absent due
  process violations. See *Chapman v. California*, 386 U.S. 18, 23 (1967)
  (harmless-error analysis inapplicable to structural errors); *United States v. Cronic*,
  466 U.S. 648, 659–60 (1984) (prejudice presumed from adversarial collapse).

- Maine precedent confirms vacatur where fairness is compromised: *State v.
  Lockhart*, 2003 ME 108,   17, 830 A.2d 433 (due process requires balance;
  shortcuts favoring State undermine fairness).

3. Referral of Counsel Conduct to the Maine Board of Overseers of the Bar

40

- The record reflects violations of *Maine Rules of Professional Conduct* 1.2, 1.4, 1.5, and 8.4. Referral is necessary to protect the integrity of Maine's justice system. See *Board of Overseers v. Warren, 2011 ME 124, ¶¶ 5–6, 32 A.3d 892* (discipline warranted where misrepresentation and failure to communicate prejudiced client).

Because these irregularities permeate the structure of the case, only dismissal with prejudice, vacatur, and disciplinary referral can vindicate constitutional guarantees and restore confidence in Maine's system of justice.

## VIII.  ALTERNATIVE RELIEF

A. Governing Law

1. Federal Authority

- Courts possess inherent supervisory power to impose remedies necessary to preserve the integrity of judicial proceedings. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).

- Remedies may include dismissal, substitution of counsel, exclusion of tainted evidence, or continuance where due process violations threaten fairness. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961); *United States v. Morrison*, 449 U.S. 361, 364–65 (1981).

- The Fifth, Sixth, and Fourteenth Amendments collectively guarantee impartial

41

counsel, full disclosure of exculpatory evidence, and a fair adversarial process.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

## 2. Maine Constitutional and Statutory Authority

- Me. Const. art. I, §§ 6, 6-A — guarantee the right to a fair trial, effective counsel, and equal protection under law.

- *State v. Lewis*, 2012 ME 36, ¶¶ 17–18, 39 A.3d 1132 — Maine courts recognize cumulative prejudice as a basis for remedial relief.

- *Bd. of Overseers v. Warren, 2011 ME 124, ¶¶ 5–6, 32 A.3d 892 — Maine law enforces the duty of accurate representation and integrity of attorney conduct.* Me. R. Crim. P. 16 — provides for discovery orders and sanctions where nondisclosure or misconduct prejudices defense preparation.

## B. Requested Relief

Should the Court decline to dismiss the indictment outright, Defendant respectfully requests the following remedial measures, singly or in combination, to restore fairness and safeguard constitutional rights:

1. Immediate Substitution of Counsel

   • Appointment of independent standby counsel of Defendant's choosing, drawn from the eligible roster, to ensure representation free from conflicts, hostility, or

improper alignment with the State.

2.  Evidentiary Hearing

    • Upon appointment of new counsel and adequate preparation time, a full

    evidentiary hearing on the cumulative effect of counsel misconduct, prosecutorial

    irregularities, and systemic bias, including but not limited to:

    – Unauthorized agreements made without Defendant's consent;

    – Misrepresentation or concealment of material facts by prior counsel;

    – Improper service and prejudicial handling of case posture;

    – Suppression or distortion of exculpatory evidence and Defendant's pivot

    rationale.

3.  Exclusion of Tainted Evidence

    • Exclusion of all evidence obtained or tainted by misconduct, improper service,

    or violation of Defendant's constitutional rights, pursuant to *Mapp v. Ohio*, 367

    U.S. 643, 655 (1961), and its progeny, as enforced in Maine through Me. R. Crim.

    P. 41 and 16 sanctions.

4.  Disclosure Order

    • Compelling the State to produce:

    – All communications between prior defense counsel and the prosecution; and

    – Internal notes, memoranda, or correspondence relating to Defendant's business

    pivot and grant use, to expose prejudice, bias, or misrepresentation.

5.  Continuance for Corrective Preparation

    • Adjustment of all deadlines and scheduling to allow Defendant adequate time to

reconstruct a defense strategy in light of prior misconduct and omissions.

## C. Legal Effect

1. Federal Authority

• Absent such relief, Defendant's right to a fair trial remains irreparably compromised. Both *United States v. Morrison*, 449 U.S. 361, 365 (1981), and *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991), confirm the judiciary's inherent obligation to impose remedies necessary to safeguard the integrity of proceedings and proportion constitutional relief to the injury suffered.

2. Maine Authority

• Maine law likewise recognizes that cumulative prejudice requires judicial intervention. See *State v. Lewis*, 2012 ME 36, ¶¶ 17–18, 39 A.3d 1132 (holding cumulative effect of irregularities may rise to constitutional violation even where individual acts are deemed harmless); Me. R. Crim. P. 16 (providing authority for sanctions and remedial orders where nondisclosure or misconduct prejudices the defense).

This Court therefore has not only the discretion but the constitutional duty to grant the alternative relief outlined herein, ensuring both the legitimacy of these proceedings and the vindication of Defendant's rights under the U.S. and Maine Constitutions.

## IX.  CONCLUSION

For the reasons set forth in each Ground above, the indictment in this matter is fatally

compromised by violations of Defendant's constitutional rights under both the U.S.

Constitution and the Maine Constitution. The record reflects systemic failures that

collectively deprived Defendant of the Sixth Amendment right to effective assistance of

counsel, the Fifth and Fourteenth Amendment guarantees of due process and equal

protection, and their state-law analogues in Article I, §§ 6 and 6-A of the Maine

Constitution.

A. Structural Breakdown of Counsel Function

Each successive counsel failed in constitutionally material ways — through unauthorized

posture and acting after retainer expired, hostility and bias, financial misconduct,

abandonment of the defense role, unauthorized agreements with the prosecution, and

contamination of the defense posture. Such derelictions are not merely substandard but

structural in nature, rendering the adversarial process itself unreliable. *Strickland v.

Washington*, 466 U.S. 668, 686 (1984); *United States v. Cronic*, 466 U.S. 648, 658–59

(1984); *Powell v. Alabama*, 287 U.S. 45, 71 (1932). Maine law mirrors this standard,

requiring effective advocacy at every stage. *State v. Lewis*, 2012 ME 36,    18, 39 A.3d

1132.

B. Cumulative Constitutional Violations

The cumulative effect of these violations — compounded by prosecutorial irregularities,

improper service, and suppression or distortion of exculpatory context — satisfies the

threshold for structural error that mandates dismissal. *Arizona v. Fulminante*, 499 U.S.

45

279, 309–10 (1991) (structural defects require reversal without harmless-error analysis); *Chapman v. California*, 386 U.S. 18, 23 n.8 (1967). Maine courts likewise recognize that cumulative prejudice undermines the legitimacy of trial proceedings. State v. *Lewis*, 2012 ME 36, 17.

C. Integrity of Judicial Proceedings

This Court bears an independent duty to preserve both the appearance and the reality of justice. *Offutt v. United States*, 348 U.S. 11, 14 (1954) ("Justice must satisfy the appearance of justice"); *Bd. of Overseers v. Warren*, 2011 ME 124, 5 32 A.3d 892. (discipline imposed where attorney conduct undermined trust in proceedings). No remedial measure short of dismissal can cure the prejudice here: the taint is neither isolated nor speculative, but systemic, ongoing, and outcome-determinative. *Berger v. United States*, 295 U.S. 78, 88 (1935); *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 810 (1987).

To the extent the issues raised herein present questions of law resolvable on the record, Defendant respectfully requests that the Court adjudicate them without oral hearing pursuant to applicable rules. To the extent the Court determines that a hearing is required on any matter for which this Motion expressly seeks one, Defendant further requests that such hearing be scheduled only after the appointment of new counsel and with sufficient time afforded for counsel to prepare.

Accordingly, dismissal with prejudice is the only remedy sufficient to restore

46

constitutional integrity, protect Defendant's rights, and preserve the legitimacy of these proceedings.

WHEREFORE,

Defendant respectfully requests that this Court:

1. Dismiss the indictment with prejudice on the constitutional and procedural grounds set forth herein; or, in the alternative,

2. Grant such other and further relief — including appointment of substitute counsel, evidentiary hearing, exclusion of tainted evidence, disclosure orders, or continuance — as the Court deems just and proper to vindicate Defendant's constitutional rights and preserve the integrity of these proceedings.

Affidavits and exhibits will be filed forthwith, and Defendant respectfully reserves the right to supplement the record.

Respectfully submitted,

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

47

X.  VERIFICATION

I, Dr. Linda Ellison Edelin, the undersigned Defendant, hereby verify under penalty of perjury pursuant to the laws of the State of Maine that I am proceeding pro se for purposes of this filing. I note that the charging documents incorrectly identify me as "Miss/Ms. Linda Ellison."

I have read the foregoing Motion to Dismiss and know the contents thereof. The factual statements contained herein are true and correct to the best of my knowledge, information, and belief, and the legal arguments are made in good faith and supported by existing law or by nonfrivolous arguments for its extension or modification.

This verification is executed to affirm the authenticity and accuracy of the record presented and to confirm that I am the sole author and submitter of this motion.

Executed on this 18th day of August, 2025, at Santa Monica, California.

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

## XI. CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2025, I caused the foregoing *Motion to Dismiss for Systemic Violations of Right to Counsel, Conflict of Interest, and Due Process, or, in the Alternative, for Protective Procedural Relief* to be filed with the Clerk of Court, with direction to the Clerk to:

1. Enter the Motion on the docket in the above-captioned matter; and

2. Forward a complete e-service copy to the Office of the Attorney General in accordance with Me. R. Crim. P. 49(d).

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

49

STATE OF MAINE                                    UNIFIED CRIMINAL COURT
CUMBERLAND, ss.                                   CRIMINAL COURT ACTION
                                                  DOCKET NO CR-2021-00910


STATE OF MAINE,


            v.


DR. LINDA ELLISON EDELIN,        )    MOTION TO CONTINUE JURY
(Incorrectly identified in charging    )    SELECTION PENDING RESOLUTION OF
documents as: "Linda Ellison      )    DEFENDANT'S MOTIONS
and/or Miss/Ms. Linda Ellison"    )


TO THE HONORABLE COURT:

Defendant, appearing pro se, respectfully moves this Court to continue the jury selection

currently scheduled for September 22, 2025, until after resolution of the pending

constitutional motions filed on or about August 13, 2025 and August 19, 2025.

    I.    Grounds for this Motion

    1.    Defendant's motions raise fundamental constitutional issues that bear directly on

          whether trial may proceed at all.

1

2.  Proceeding to jury selection while such motions remain undecided risks

   unnecessary expenditure of judicial resources, prejudice to Defendant, and

   potential reversible error.

3.  In the interest of fairness and judicial economy, it is appropriate to delay jury

   selection until these dispositive motions are fully briefed and ruled upon.

II. Relief Requested

WHEREFORE, Defendant respectfully requests that this Court enter an order continuing

the jury selection now scheduled for September 22, 2025, until after the Court has ruled

on Defendant's pending motions, and granting such other relief as the Court deems just

and proper.

Respectfully submitted,

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

2

III.  VERIFICATION

I, Dr. Linda Ellison Edelin, the undersigned Defendant, hereby verify under

penalty of perjury pursuant to the laws of the State of Maine that I am proceeding pro se

for purposes of this filing. I note that the charging documents incorrectly identify me as

"Miss/Ms. Linda Ellison."

I have read the foregoing Motion to Continue and know the contents thereof. The

factual statements contained herein are true and correct to the best of my knowledge,

information, and belief, and the legal arguments are made in good faith and supported by

existing law or by nonfrivolous arguments for its extension or modification.

This verification is executed to affirm the authenticity and accuracy of the record

presented and to confirm that I am the sole author and submitter of this motion.

Executed on this 18th day of August, 2025, at Santa Monica, California.

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

3

IV.  CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2025, I caused the foregoing *Motion to
Continue* to be filed with the Clerk of Court, with direction to the Clerk to:

3.  Enter the Motion on the docket in the above-captioned matter; and

4.  Forward a complete e-service copy of the Motion to the Office of the Attorney

    General in accordance with Me. R. Crim. P. 49(d).


_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

4

EXHIBIT H

Objection and Demand of Vacatur of Unconstitutional September 16,
2025 Court Order
September 16, 2025
Filed: Unified Criminal Court, Cumberland County, ME

Summary: Objection and demand to vacate the September 16, 2025
court order, asserting that the order unconstitutionally reschedules an
omnibus hearing rather than convening a standalone *Faretta* hearing, that all
trial and jury dates set through collusion with former counsel are void, that
compelled appearance before a *Faretta* ruling constitutes structural
constitutional error, that misidentification in the charging documents cannot
be cured by "inquiry," and that **threats of warrant**, default, or denial of
motions are coercive and unconstitutional, submitted in support of Plaintiff's
application for a Temporary Restraining Order under Fed. R. Civ. P. 65(b).

(Fed. R. Civ. P. 5 (d) (1) (A)

Dr. Linda Ellison Edelin                                          DOCKET NO CR-2021-00910
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

Date: August 25, 2025

Via Hand Delivery by Process Server To: Clerk of Court Cumberland County Courthouse
205 Newbury Street Portland, ME 04101

Dear Clerk,

Enclosed please find

1. Defendant's Motion to Proceed Pro Se and Accept Defendant's Filings Nunc Pro Tunc, with Verification and Certificate of Service;

2. Defendant's Motion to Compel Filing and Docketing of Defendant's Submissions, with Verification, Certificate of Service and Exhibits;

3. Defendant's Motion to Oppose Judicial Settlement Conference, with Verification and Certificate of Service;

4. Supplemental Evidence Packet in Support of Motion to Dismiss for Systematic Violations of Right to Counsel, with Affidavit and Certificate of Service;

4. Supplemental Affidavit Correcting Fee Payments (Correction to Motion to Dismiss for Systematic Violations of Right to Counsel with Certificate of Service);

5. Three previously submitted motions to be re-filed in full for nunc pro tunc filing.

Pursuant to M.R.U. Crim. P. 49(a), this motion must be filed upon presentation. Further, under Rule 49(d), the clerk is required to serve notice of filing on the opposing counsel of record.

Because Defendant's Motion to Proceed Pro Se and Accept Defendant's Filings Nunc Pro Tunc addresses her right to proceed pro se and the acceptance of her filings, Defendant respectfully requests that this motion be docketed and processed in accordance with the above rules, together with all additional filings enclosed herein. For clarity, the three re-filed motions are enclosed not as new filings but to cure the clerk's improper rejection and ensure a complete record nunc pro tunc as of their original submission dates.

Thank you for your assistance.

Respectfully submitted,

Dr. Linda Ellison Edelin
Pro Se Defendant
(incorrectly identified in charging documents as "Miss/Ms. Linda Ellison")

Enclosures:

1. Four (4) new filings, as itemized above, with exhibits documenting clerk rejection and related correspondence;
2. Three (3) previously submitted motions, re-filed in full for nunc pro tunc filing.

STATE OF MAINE                                UNIFIED CRIMINAL COURT
CUMBERLAND, ss.                               CRIMINAL COURT ACTION
                                              DOCKET NO CR-2021-00910


STATE OF MAINE,


    v.


DR. LINDA ELLISON EDELIN,          )    MOTION TO PROCEED PRO SE
(Incorrectly identified in charging )    AND ACCEPT DEFENDANT'S
documents as: "Linda Ellison      )    FILINGS NUNC PRO TUNC
and/or Miss/Ms. Linda Ellison"    )


TO THE HONORABLE COURT:


<u>INTRODUCTION</u>

Comes now Defendant, Dr. Linda Ellison Edelin (incorrectly identified in charging

documents as "Linda Ellison" and/or "Ms./Miss Linda Ellison"), who respectfully moves

this Court to permit her to proceed pro se. Defendant further requests that the Court

1

retroactively accept (nunc pro tunc) the constitutional motions she submitted on or about August 14, 2025, August 20, 2025, and August 27, 2025, as of their original submission dates, together with all filings enclosed herein.

Although Defendant has submitted multiple motions directly, the Clerk has stamped but then returned them with handwritten notations stating they would not be considered unless filed by current counsel. This practice is without legal authority. Under Maine Rule of Unified Criminal Procedure 49(a) and (d), the clerk's duty is ministerial: filings must be accepted upon presentation, and notice served on opposing counsel. A clerk has no power to reject constitutional filings based on authorship.

This posture is untenable. Defendant has already moved to disqualify current counsel on grounds of conflict of interest and collusion with the prosecution. To require that conflicted counsel file motions seeking his own removal nullifies the substance of those motions and deprives Defendant of meaningful access to the Court. The requested relief ensures that Defendant's constitutional rights are preserved, that all her filings are considered on their merits, and that all future communications are served directly upon her rather than filtered through counsel whose loyalty is in question.

GROUNDS

1.  Conflict of Counsel.

    Current counsel, Richard Berne (and by extension his associate, Peter Rodway), is a subject of Defendant's constitutional motions, which allege collusion with the

prosecution and concealment of material information. Defendant has no signed

contract with Mr. Rodway, and his involvement flows solely through Mr. Berne.

Because of this conflict with Berne/Rodway, counsel cannot ethically file motions

that accuse themselves of misconduct.

2.  Clerk Overreach.

The Court's handwritten notes returning Defendant's filings are not judicial

rulings but clerical notations. Their informal handwritten style—including

repeated misidentification of Defendant as "Ms. Ellison"—confirms they are

administrative in origin. Clerks lack authority to reject filings; stamped filings are,

by law, received and accepted. Rejection after stamping is ultra vires and

obstructs access to the Court.

3.  Constitutional Harm

Refusal to docket Defendant's motions denies her due process under the

Fourteenth Amendment and her right to self-representation under the Sixth

Amendment. When counsel is conflicted, unwanted, or ineffective, a defendant's

right to proceed pro se is constitutionally guaranteed. See *Faretta v. California*,

422 U.S. 806, 819–21 (1975).

<u>WHEREFORE</u>

Defendant respectfully requests that this Court:

(a) Order that she be permitted to proceed pro se in the above-captioned matter;

3

(b) Retroactively (nunc pro tunc) accept her prior filings submitted on or about August 14, 2025, August 20, 2025, and August 27, 2025, together with all filings enclosed herein, as of their original submission dates;

(c) Direct that all future filings submitted by Defendant pro se be accepted and docketed without obstruction, consistent with M.R.U. Crim. P. 49 and Defendant's constitutional rights under the Sixth and Fourteenth Amendments; and

(d) Order that all communications, notices, and filings be served directly on Defendant both at her designated e-mail and postal address in signature block rather than through conflicted counsel.

Respectfully submitted,

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

4

VERIFICATION

I, Dr. Linda Ellison Edelin, the undersigned Defendant, hereby verify under penalty of perjury pursuant to the laws of the State of Maine that I am proceeding pro se for purposes of this filing. I note that the charging documents incorrectly identify me as "Miss/Ms. Linda Ellison."

I have read the foregoing **Motion to Proceed Pro Se and Accept Defendant's Filings Nunc Pro Tunc,** and know the contents thereof. The factual statements contained herein are true and correct to the best of my knowledge, information, and belief, and the legal arguments are made in good faith and supported by existing law or by nonfrivolous arguments for its extension or modification.

This verification is executed to affirm the authenticity and accuracy of the record presented and to confirm that I am the sole author and submitter of this motion.

Executed on this 25th day of August, 2025, at Santa Monica, California.

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

5

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2025, I caused the foregoing **Motion to Proceed Pro Se and Accept Defendant's Filings Nunc Pro Tunc**, to be filed with the Clerk of Court, with direction to the Clerk to:

1.  Enter the Motion on the docket in the above-captioned matter in accordance with M.R.U. Crim. P. 49(a); and

2.  Forward a complete e-service copy to the Office of the Attorney General in accordance with Me. R. Crim. P. 49(d).

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

6

STATE OF MAINE                                          UNIFIED CRIMINAL COURT
CUMBERLAND, ss.                                         CRIMINAL COURT ACTION
                                                        DOCKET NO CR-2021-00910


STATE OF MAINE,


              v.


DR. LINDA ELLISON EDELIN,            )     MOTION TO OPPOSE
(Incorrectly identified in charging  )     JUDICIAL SETTLEMENT CONFERENCE
documents as: "Linda Ellison        )
and/or Miss/Ms. Linda Ellison"      )


TO THE HONORABLE COURT:


<u>INTRODUCTION</u>

Comes now Defendant, Dr. Linda Ellison Edelin (misidentified in charging documents as

"Miss/Ms. Linda Ellison"), who respectfully moves this Court to vacate or in the

alternative postpone the Judicial Settlement Conference ("JSC") currently scheduled for

September 16, 2025, at 9:00 a.m. ET.

Defendant objects to this JSC because: (1) she has never been formally served with the

Court's order scheduling the proceeding, (2) she has not consented to participate, (3) her

current counsel is the subject of pending motions alleging conflict of interest and

collusion with the prosecution, and (4) the correspondence arranging the JSC

1

demonstrates coercive pressure to induce a plea rather than facilitate a fair resolution.

GROUNDS

1. Lack of Service / Due Process Violation

   The order scheduling the JSC was not served upon Defendant. The only notice
   came indirectly from conflicted counsel via email more than 24 hours after it was
   filed. A proceeding of this magnitude requires proper service to the Defendant
   personally from the Court. Absent service, compelling her attendance violates due
   process under the Fourteenth Amendment.

2. Lack of Consent

   Judicial settlement conferences in Maine are voluntary and cannot be imposed
   without the Defendant's agreement. Defendant did not request, authorize, or
   consent to a JSC.

3. Conflict of Interest

   Defendant has filed pending motions seeking dismissal of current counsel for
   collusion with the prosecution. To permit conflicted counsel to arrange a JSC and
   represent her therein is to force Defendant into proceedings orchestrated by
   counsel she has formally challenged, nullifying her Sixth Amendment right to
   conflict-free representation.

4. Coercive Language / Pressure to Plead

   Communications from counsel to Defendant describe the JSC as a way to "put
   this behind you," strongly implying that the purpose is to pressure Defendant into
   a plea rather than to facilitate a neutral conference. Such language underscores the

2

lack of voluntariness and reinforces the appearance of collusion.

<u>WHEREFORE</u>

Defendant respectfully requests that this Court:

(a) vacate the Judicial Settlement Conference now scheduled for September 16, 2025; or

in the alternative,

(b) postpone any such conference until Defendant's pending motions are resolved and, if

necessary, new conflict-free counsel is appointed; and

(c) grant such other relief as this Court deems just and proper.

Respectfully submitted,

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

3

VERIFICATION

I, Dr. Linda Ellison Edelin, the undersigned Defendant, hereby verify under penalty of perjury pursuant to the laws of the State of Maine that I am proceeding pro se for purposes of this filing. I note that the charging documents incorrectly identify me as "Miss/Ms. Linda Ellison."

I have read the foregoing **MOTION TO OPPOSE JUDICIAL SETTLEMENT CONFERENCE**, and know the contents thereof. The factual statements contained herein are true and correct to the best of my knowledge, information, and belief, and the legal arguments are made in good faith and supported by existing law or by nonfrivolous arguments for its extension or modification.

This verification is executed to affirm the authenticity and accuracy of the record presented and to confirm that I am the sole author and submitter of this motion.

Executed on this 25th day of August, 2025, at Santa Monica, California.

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

4

CERTIFICATE OF SERVICE

I hereby certify that on this  25th day of August, 2025, I caused the foregoing **MOTION
TO OPPOSE JUDICIAL SETTLEMENT CONFERENCE** to be filed with the Clerk of
Court, with direction to the Clerk to:

1. Enter the Motion on the docket in the above-captioned matter in accordance with
   M.R.U. Crim. P. 49(a); and

2. Forward a complete e-service copy to the Office of the Attorney General in
   accordance with Me. R. Crim. P. 49(d).


_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

5

STATE OF MAINE                          UNIFIED CRIMINAL COURT

CUMBERLAND, ss.                         CRIMINAL COURT ACTION

DOCKET NO CR-2021-00910


STATE OF MAINE,


     v.


| | | |
|---|---|---|
| DR. LINDA ELLISON EDELIN, | ) | MOTION TO COMPEL |
| (Incorrectly identified in charging | ) | FILING AND DOCKETING OF |
| documents as: "Linda Ellison | ) | DEFENDANT'S SUBMISSIONS |
| and/or Miss/Ms. Linda Ellison" | ) | |


TO THE HONORABLE COURT:

<u>INTRODUCTION</u>

Comes now Defendant, Dr. Linda Ellison Edelin (incorrectly identified in charging

documents as "Linda Ellison" and/or "Miss/Ms. Linda Ellison"), proceeding pro se, and

respectfully moves this Court to compel the Clerk of Court to accept and docket *nunc pro*

*tunc* her filings submitted on or about August 14, 2025, August 20, 2025, and August 27,

2025, together with the filings enclosed herein. Defendant further requests an order

confirming that all future filings she submits pro se shall be accepted and docketed

without obstruction. Despite proper presentation and clerk's stamps confirming receipt,

1

prior filings were returned by conflicted counsel with handwritten notations stating they

would not be considered unless filed by current, conflicted counsel. Such rejection is

without legal authority, exceeds the clerk's ministerial duty under M.R.U. Crim. P. 49,

and has deprived Defendant of meaningful access to the Court.

<u>GROUNDS</u>

1. Ministerial Duty of Clerk

Under M.R.U. Crim. P. 49(a) and (d), the clerk's role in filing is purely ministerial. The

rule provides that "[t]he filing of papers with the court … shall be made by filing them

with the clerk of the court, who shall note thereon the filing date." Once stamped, filing is

complete by operation of law. The clerk has no discretion to reject filings based on

authorship, particularly when Defendant asserts her constitutional right to proceed pro se.

2. Stamped Filings Constitute Acceptance

Defendant's submissions bear clerk's date stamps confirming receipt (Exhibits A, B, F).

Under Maine law, filing occurs when the document is delivered to and received by the

clerk. See *State v. Friel*, 508 A.2d 123, 125 (Me. 1986) ("a paper is filed when it is

delivered to and received by the proper filing officer"). Once stamped, the documents

were accepted by law. Any subsequent handwritten "rejection" notations are procedurally

invalid and beyond the clerk's authority (*ultra vires*).

3. Evidence of Improper Rejection

Despite Rule 49 and the Friel standard, certain filings were returned with handwritten

notations purporting to reject them (Exhibits C, D). Others were not returned at all, leaving Defendant uncertain of their status (Exhibit E). This irregular and inconsistent handling obstructs the docketing process.

### 4. Constitutional Harm

By refusing to docket filings that were already accepted by stamp, the clerk has denied Defendant her right to due process under the Fourteenth Amendment and her right to self-representation under the Sixth Amendment. Conditioning acceptance on conflicted counsel's participation—when that very counsel is the subject of Defendant's constitutional motions—compounds the violation.

### 5. Conflict of Counsel

Defendant has moved to disqualify current counsel, Richard Berne, and his associate, Peter Rodway, for collusion with the prosecution and concealment of material information. To require that conflicted counsel file motions that accuse them of misconduct is untenable, unethical, and unconstitutional.

### CONCLUSION

Because the Clerk's stamps confirm receipt and acceptance, subsequent handwritten notations of "rejection" are without legal authority and inconsistent with M.R.U. Crim. P. 49. Once filed, a submission is part of the record. Conditioning acceptance on conflicted counsel's participation compounds the constitutional deprivation, as that very counsel is the subject of Defendant's pending motions. To preserve Defendant's rights under the

Sixth and Fourteenth Amendments, the Court should recognize the filings as accepted

and order that future submissions be docketed without obstruction.

<u>WHEREFORE</u>

Defendant respectfully requests that this Court:

(A) Order that she be permitted to proceed pro se in the above-captioned matter, free

from reliance on current, conflicted counsel;

(B) Accept and docket *nunc pro tunc* Defendant's motions titled:

   (1) *Motion to Dismiss for Jurisdictional and Constitutional Defects* (submitted on or

about August 14, 2025);

   (2) *Motion to Dismiss for Systematic Violations of Right to Counsel, Conflict of

Interest, and Due Process* (submitted on or about August 20, 2025); and

   (3) *Motion to Continue Jury Selection Pending Resolution of Defendant's Motions*

(submitted on or about August 20, 2025), *together with all filings enclosed herein*;

(C) Direct that all future filings submitted by Defendant pro se be accepted and docketed

without obstruction, consistent with M.R.U. Crim. P. 49 and her constitutional rights

under the Sixth and Fourteenth Amendments; and

(D) Grant such other relief as this Court deems just and proper to safeguard Defendant's

right of access to the Court.

4

RespectfullySubmitted,

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

VERIFICATION

I, Dr. Linda Ellison Edelin, the undersigned Defendant, hereby verify under penalty of perjury pursuant to the laws of the State of Maine that I am proceeding pro se for purposes of this filing. I note that the charging documents incorrectly identify me as "Miss/Ms. Linda Ellison."

I have read the foregoing **Motion to Compel Filing and Docketing of Defendant's Submissions**, and know the contents thereof. The factual statements contained herein are true and correct to the best of my knowledge, information, and belief, and the legal arguments are made in good faith and supported by existing law or by nonfrivolous arguments for its extension or modification.

This verification is executed to affirm the authenticity and accuracy of the record presented and to confirm that I am the sole author and submitter of this motion.

Executed on this 25th day of August, 2025, at Santa Monica, California.

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

CERTIFICATE OF SERVICE

I hereby certify that on this  25th day of August, 2025, I caused the foregoing **Motion to Compel Filing and Docketing of Defendant's Submissions**, to be filed with the Clerk of Court, with direction to the Clerk to:

1.  Enter the Motion on the docket in the above-captioned matter in accordance with M.R.U. Crim. P. 49(a); and

2.  Forward a complete e-service copy to the Office of the Attorney General in accordance with Me. R. Crim. P. 49(d).

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

**Motion to Compel**
**Exhibit A**

Clerk's Stamp Confirming Receipt August 20, 2025 of
(Motion to Continue Jury Selection Pending Resolution of Defendant's Motions)

|                                           |   |                                  |
|-------------------------------------------|---|----------------------------------|
| DR. LINDA ELLISON EDELIN,                 | ) | MOTION TO CONTINUE JURY          |
| (Incorrectly identified in charging       | ) | SELECTION PENDING RESOLUTION OF  |
| documents as: "Linda Ellison              | ) | DEFENDANT'S MOTIONS              |
| and/or Miss/Ms. Linda Ellison"            | ) |                                  |

TO THE HONORABLE COURT:

Defendant, appearing pro se, respectfully moves this Court to continue the jury selection currently scheduled for September 22, 2025, until after resolution of the pending constitutional motions filed on or about August 13, 2025 and August 19, 2025.

I.    Grounds for this Motion

1.    Defendant's motions raise fundamental constitutional issues that bear directly on whether trial may proceed at all.

1

REC'D CUMB CLERKS
AUG 20 '25 PM 2:18

**Motion to Compel**
**Exhibit B**

Clerk's Stamp Confirming Receipt August 20, 2025 of
(Motion to Dismiss for Systematic Violations of Right to Counsel, Conflict of Interest
and Due Process or, in the Alternative, for Protective Procedural Relief)

STATE OF MAINE,

v.

| DR. LINDA ELLISON EDELIN, | ) | MOTION TO DISMISS FOR SYSTEMATIC |
|---|---|---|
| (Incorrectly identified in charging | ) | VIOLATIONS OF RIGHT TO COUNSEL, |
| documents as: "Linda Ellison | ) | CONFLICT OF INTEREST AND DUE |
| and/or Miss/Ms. Linda Ellison" | ) | PROCESS OR, IN THE ALTERNATIVE, |
| | ) | FOR PROTECTIVE PROCEDURAL RELIEF |

TO THE HONORABLE COURT:

NOTICE OF PRO SE REPRESENTATION

1. Principles

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal

prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his

defence." U.S. Const. amend. VI. This right is mirrored in Article I, § 6 of the Maine

Constitution, which secures "the right to be heard by oneself and counsel, or either, at the

1

REC'D CUMB CLERKS OFC
AUG 20 '25 PM 2:19

**Motion to Compel**
**Exhibit C**

*Motion* Filing Rejected with Handwritten Notation and Returned to Conflicted Counsel
(Motion to Continue Jury Selection Pending Resolution of Defendant's Motions)

Defendant, appearing pro se, respectfully moves this Court to continue the jury selection currently scheduled for September 22, 2025, until after resolution of the pending constitutional motions filed on or about August 13, 2025 and August 19, 2025.

I.    Grounds for this Motion

1.    Defendant's motions raise fundamental constitutional issues that bear directly on whether trial may proceed at all.

8/20/2025 Motions to be filed through counsel as Mr Ellison is represented by counsel. Court will not take action on this motion unless filed by counsel.

REC'D CUMB CLERKS OF
AUG 20 '25 PM2:18

Copies to be sent to attys of record

**Motion to Compel**
**Exhibit D**

Rejected with Handwritten Notation and Returned to Conflicted Counsel
Attached *Letter to Clerk bears a handwritten notation of rejection*, but the Motion to
Dismiss for Systematic Violations of Right to Counsel, Conflict of Interest and Due
Process, or in the Alternative, for Protective Procedural Relief itself does *not contain* a
separate rejection notation. Motion to Continue Jury Selection Pending Resolution of
Defendant's Motions, filed in the same packet, and under the same Letter to Clerk, *does*
contain its own handwritten rejection notation.

Please docket each motion separately.

Pursuant to M.R. Crim. P. 49(d) (service by the clerk) and M.R. Civ. P. 79(a) (docketing), the Defendant respectfully directs the Clerk to:

1. Enter the motions into the docket of this case in accordance with Rule 79(a); and
2. Forward a copy of both motions to the Office of the Attorney General, as counsel for the State, in accordance with Rule 49(d), by electronic service.

These motions are being delivered to you in hand by a licensed process server to maintain a complete and verifiable chain of custody.

Thank you for your assistance.

Respectfully,<br>
Dr. Linda Ellison Edelin<br>
Pro Se Defendant<br>
(incorrectly identified in charging documents<br>
as "Miss/Ms. Linda Ellison")

<u>Enclosures</u>: Motion to Dismiss, Motion to Continue with Verifications and Certificates of Service

*8/20/2025 Motions to be filed through counsel as Ms Ellison is represented by counsel. Court will not take action on this unless filed by counsel. [initials] Copies to be sent to atty of record*

REC'D CUMB CLERKS OFC
AUG 20 '25 PH 2:19

**Motion to Compel**
**Exhibit E**

Older Filing Served on Prosecutor and *Forwarded Informally to Conflicted Counsel*

Attached is an e-mail from the Prosecutor at the Office of the Attorney General *forwarding* Defendant's first Motion to Dismiss for Jurisdictional and Constitutional Defects to *conflicted counsel*. This copy reflects the service that Defendant herself made directly on the Office of the Attorney General.

That same filing was also formally served on the Clerk of Court by Defendant's process server. The process server confirmed service with a stamped copy of the first page (attached as next Exhibit, E).

Defendant has never received any clerk notation, or notice of rejection from the Court regarding this filing. Nor has conflicted counsel ever forwarded any such record. As a result, Defendant does not know whether this motion was accepted or rejected by the Court.

This stands in contrast to Defendant's later filings (August 20, 2025), which were returned with handwritten notations of rejection to conflicted counsel and forwarded to Defendant. The irregularity here underscores the systemic uncertainty Defendant faces in attempting to access the Court.

**Conflict of Counsel**
Defendant has moved to disqualify current counsel for: *conflict of interest and collusion with the prosecution.*

Exhibit E illustrates this conflict directly: rather than treating Defendant's filing with adversarial neutrality, the Prosecutor forwarded it to conflicted counsels in a *notably friendly and informal e-mail,* even using a personal email address along with professional email addresses, effectively giving them a "heads-up." A prosecutor who viewed counsel as a true adversary would not behave in this manner; advance notice of filings is strategic information that a prosecuting attorney would use to their benefit. Instead, this exchange *demonstrates alignment between the State and conflicted counsel*, validating Defendant's assertion that counsel cannot ethically or effectively represent her interests.

**From:** Robbin, Leanne <Leanne.Robbin@maine.gov>
**Sent:** Monday, August 18, 2025 11:16 AM
**To:** peter rodwaylaw.com <peter@rodwaylaw.com>; Richard Berne <berne@bernelawme.com>
**Cc:** Lychwala, Kendra <Kendra.Lychwala@maine.gov>
**Subject:** FW: Ellison- Pro Se Motion to Dismiss, etc.
**Importance:** High

Peter and Rick:

Hope you had a good weekend.

We received your memo on Friday.

Are you folks aware of the attached motion filed by your client?

Thanks.

Leanne



Leanne Robbin | Assistant Attorney General
Criminal Division
**Office of the Maine Attorney General**
6 State House Station | Augusta, ME 04333
(207) 626-8581 (direct dial) | (207) 626-8800 (main office)

Leanne



**Leanne Robbin** | Assistant Attorney General
**Criminal Division**
**Office of the Maine Attorney General**
6 State House Station | Augusta, ME 04333
(207) 626-8581 (direct dial) | (207) 626-8800 (main office)
Leanne.Robbin@maine.gov | www.maine.gov/ag

...

[Message clipped]  View entire message

---

**One attachment** · Scanned by Gmail ⓘ



📄 PDF  Ellison's Pro Se M...

EXHIBIT D

Motion to Convene Faretta Hearing and Vacate Improperly Scheduled Proceedings
September 1, 2025
Filed: Unified Criminal Court, Cumberland County, ME

Summary: Motion to convene a standalone *Faretta* hearing and to vacate all improperly scheduled proceedings, asserting that no proceeding may lawfully go forward absent a ruling on self-representation and objecting to prior scheduling undertaken without a *Faretta* determination, submitted in support of Plaintiff's application for a Temporary Restraining Order under Fed. R. Civ. P. 65(b).

(Fed. R. Civ. P. 5 (d) (1) (A)

STATE OF MAINE                                    UNIFIED CRIMINAL COURT
CUMBERLAND, ss.                                   CRIMINAL COURT ACTION
                                                  DOCKET NO CR-2021-00910

STATE OF MAINE,


        v.


DR. LINDA ELLISON EDELIN,        )    MOTION TO CONVENE
(Incorrectly identified in charging    )    FARETTA HEARING
documents as: "Linda Ellison      )    AND VACATE IMPROPERLY
and/or Miss/Ms. Linda Ellison"   )    SCHEDULED PROCEEDINGS


TO THE HONORABLE COURT:


<u>INTRODUCTION</u>


        Now comes the Defendant, Dr. Linda Ellison Edelin, misidentified as "Linda

Ellison" and/or "Ms./Miss Linda Ellison" in charging documents, respectfully invoking

her constitutional right to self-representation, and moves this Court to convene a Faretta

hearing required under Faretta v. California, 422 U.S. 806 (1975), and the Constitution of

1

Maine. Until that hearing is held and Defendant's waiver of counsel is adjudicated on the record, no Judicial Settlement Conference ("JSC"), jury selection, or trial scheduling may lawfully proceed.

Defendant retained counsel in good faith. Counsel then colluded with the prosecution by jointly filing a motion, scheduling a JSC, and setting dates for jury selection and trial. These actions are memorialized in the record. They were taken without Defendant's knowledge, participation, or consent. Such conduct violates the Sixth Amendment, the Constitution of Maine, and the Maine Rules of Professional Conduct. Counsel's alignment with the prosecution leaves Defendant no choice but to represent herself.

Defendant has already filed motions objecting to the JSC, and to jury selection scheduling and thus, trial scheduling. This motion addresses the threshold issue: no further proceedings of any kind may go forward until the Court convenes the Faretta hearing and makes findings on the record.

GROUNDS

1. The Sixth and Fourteenth Amendments secure the right of self-representation. *Faretta v. California*, 422 U.S. 806, 834 (1975) ("The right to defend is personal. The defendant must be allowed to go it alone."). Denial of that right is structural error. *McKaskle v. Wiggins*, 465 U.S. 168, 177–78 n.8 (1984).

2

2.  The Maine Constitution independently guarantees this right, providing that an accused in a criminal prosecution may choose to be represented by counsel or to represent herself. Me. Const. art. I, § 6.

3.  The Maine Law Court requires strict compliance. *State v. Desjardins*, 551 A.2d 1235 (Me. 1988) (court must ensure waiver is knowing and intelligent); *State v. Morrison*, 567 A.2d 1350 (Me. 1990) (same); *State v. Watson*, 2006 ME 80,  17, 900 A.2d 702 ("A valid waiver cannot be implied; the record must demonstrate the defendant's informed choice."); *State v. Hutchinson*, 2009 ME 44,  22, 969 A.2d 923 ("A valid waiver of counsel cannot be presumed from a silent record."); *State v. Nisbet*, 2016 ME 36,  41, 134 A.3d 840 (waiver must be unequivocal and intelligent).

4.  The right to counsel also demands undivided loyalty. *Glasser v. United States*, 315 U.S. 60, 70, 75–76 (1942) (right to assistance "untrammeled and unimpaired" and to "undivided assistance of counsel"); *Cuyler v. Sullivan*, 446 U.S. 335, 349 n.3 (1980) (an actual conflict "negates the unimpaired loyalty a defendant is constitutionally entitled to expect"); *Holloway v. Arkansas*, 435 U.S. 475, 487–91 (1978) (failure to cure conflicts requires reversal); *State v. Gilcott*, 420 A.2d 1238, 1241 (Me. 1980) ("A defendant is entitled to the undivided allegiance of his attorney, who must act as an advocate, not as a neutral observer or friend of the court."); *State v. Rowe*, 480 A.2d 778, 780 (Me. 1984).

5.  Counsel's collusion with the State:  joint motion practice, scheduling of settlement and trial proceedings, and agreeing to dates without Defendant's knowledge or

3

consent, violates the Maine Rules of Professional Conduct: Rule 1.2(a) (client determines objectives), Rule 1.4(a) (duty to consult and keep client informed), Rule 1.7(a) (conflicts of interest), and Rule 8.4(c)–(d) (dishonesty; conduct prejudicial to justice).

ARGUMENT

I. A Faretta hearing is mandatory before any further proceedings.

The Supreme Court has made clear that once a defendant elects self-representation, the court must stop and hold a hearing to confirm that the waiver of counsel is knowing and intelligent. *Faretta*, 422 U.S. at 834; *Carnley v. Cochran*, 369 U.S. 506, 516 (1962); *Iowa v. Tovar*, 541 U.S. 77, 88–92 (2004). Denial is structural error. *McKaskle*, 465 U.S. at 177–78 n.8. Maine law accords. *Watson*, 2006 ME 80, ¶¶14–20; *Hutchinson*, 2009 ME 44, 22; *Nisbet*, 2016 ME 36, ¶¶24–33. Until that hearing is convened and findings are made on the record, no JSC, jury selection, or trial scheduling can lawfully proceed.

II. Counsel's collusion with the prosecution created a direct violation of constitutional and ethical duties.

The record shows that counsel and the State jointly filed a motion, scheduled a JSC, and set dates for jury selection and trial. This was done without Defendant's consent or participation. These were not errors of judgment; they were affirmative acts taken in Defendant's name while excluding her. Such actions breach fundamental duties of loyalty

and consultation. See *Glasser*, 315 U.S. at 70, 75–76; *Cuyler*, 446 U.S. at 349 n.3; *Holloway*, 435 U.S. at 487–91. The Maine Law Court is equally direct: *"A defendant is entitled to the undivided allegiance of his attorney, who must act as an advocate, not as a neutral observer or friend of the court." Gilcott*, 420 A.2d at 1241. Counsel here acted as an ally of the State, not an advocate for the client. That is unconstitutional.

III. Prior objections underscore that no substantive proceedings may advance. Defendant has already filed motions objecting to the JSC, and to jury selection scheduling, and thus, trial scheduling. Those objections underscore the impropriety of proceeding before a Faretta hearing is held. Until this threshold issue is addressed, any action on those matters would rest on a defective record and perpetuate violations already identified.

<u>RESERVATION OF RIGHTS</u>

Defendant objects to all actions taken jointly by counsel and the prosecution without her knowledge or consent, including their joint motion and the scheduling of a JSC, jury selection date, and trial dates. Defendant does not ratify those actions and expressly reserves all rights under the United States Constitution, the Constitution of Maine, and applicable law.

WHEREFORE, Defendant respectfully requests that this Court:

1. Convene a virtual (zoom or similar) hearing (given Defendant resides in California) on Defendant's invocation of her Faretta right of self-representation;

2. Vacate the scheduled Judicial Settlement Conference, scheduled jury selection date, scheduled trial dates, and any joint motions filed without Defendant's consent;

3. Direct that no further proceedings be scheduled or undertaken until Defendant's Faretta right has been adjudicated in accordance with federal and Maine constitutional law, binding precedent, and the Maine Rules of Professional Conduct;

4. Enter on the record that Defendant objects to and does not consent to any proceedings undertaken jointly by counsel and the prosecution without her knowledge or participation, and expressly reserves all rights.

Respectfully submitted,

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

VERIFICATION

I, Dr. Linda Ellison Edelin, the undersigned Defendant, hereby verify under penalty of perjury pursuant to the laws of the State of Maine that I am proceeding pro se for purposes of this filing. I note that the charging documents incorrectly identify me as "Miss/Ms. Linda Ellison."

I have read the foregoing Motion to Convene Faretta Hearing and Vacate Improperly Scheduled Proceedings and know the contents thereof. The factual statements contained herein are true and correct to the best of my knowledge, information, and belief, and the legal arguments are made in good faith and supported by existing law or by nonfrivolous arguments for its extension or modification.

This verification is executed to affirm the authenticity and accuracy of the record presented and to confirm that I am the sole author and submitter of this motion.

Executed on this 1st day of September, 2025, at Santa Monica, California.

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of September, 2025, I caused the foregoing **Motion to** to be filed with the Clerk of Court, with direction to the Clerk to:

1. Enter the Motion on the docket in the above-captioned matter in accordance with M.R.U. Crim. P. 49(a); and

2. Forward a complete e-service copy to the Office of the Attorney General in accordance with Me. R. Crim. P. 49(d).

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

8

Dr. Linda Ellison Edelin                                    DOCKET NO CR-2021-00910
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

Date: September 1, 2025,

Via Hand Delivery by Process Server To:

Clerk of Court Cumberland County Courthouse 205 Newbury Street Portland, ME 04101

Dear Clerk,

Enclosed please find filings in the above-captioned matter consisting of one motion:

1. Defendant's Motion to Convene Faretta Hearing and Vacate Improperly Scheduled Proceedings

Pursuant to M.R. Crim. P. 49(d) (service by the clerk) and M.R. Civ. P. 79(a) (docketing), the Defendant respectfully directs the Clerk to:

1. Enter the motion into the docket of this case in accordance with Rule 79(a); and
2. Forward a copy of the motion to the Office of the Attorney General, as counsel for the State, in accordance with Rule 49(d), by electronic service.

This motion is being delivered to you in hand by a licensed process server to maintain a complete and verifiable chain of custody.

Thank you for your assistance.

Respectfully,

Dr. Linda Ellison Edelin
Pro Se Defendant
(incorrectly identified in charging documents
as "Miss/Ms. Linda Ellison")

Enclosures: Motion to Convene Faretta Hearing and Vacate Improperly Scheduled Proceedings with Verifications and Certificates of Service

September 1, 2025

Assistant Attorney General Leanne Robbin
Office of the Attorney General
109 Sewall St. Augusta, ME 04330


Re: Courtesy Copy of Filed Motion,  DOCKET NO CR-2021-00910


Assistant Attorney General Robbin,

Enclosed please find a courtesy copy of a new motion I have submitted in this matter:

- Motion to Convene Faretta Hearing and Vacate Improperly Scheduled Proceedings

I am providing this copy to your office to ensure timely delivery, review, and complete record of submission.


Respectfully,



Dr. Linda Edelin

**Enclosures**: Motion to Convene Faretta Hearing and Vacate Improperly Scheduled Proceedings, Verification, and Certificate of Service

EXHIBIT E

1. Defendant's Response to Motion to Withdraw
2. Motion to Vacate or Modify Procedural Order of September 5, 2025 and to Preserve Defendant's Constitutional Rights

September 6, 2025
Filed: Unified Criminal Court, Cumberland County, ME

Summary: Packet of two motions — first concurring in counsel's withdrawal on grounds of collusion with the prosecution and breakdown of communication, and second asserting that due process requires a standalone *Faretta* hearing before any proceedings may continue, challenging the adequacy of the judicial settlement conference timeslot to now be used as an "all motion" hearing, objecting to in-person requirements and prejudgment reflected in the September 5 order, and opposing jury selection and trial dates set without constitutional process or proper preparation time — submitted in support of Plaintiff's application for a Temporary Restraining Order under Fed. R. Civ. P. 65(b).

(Fed. R. Civ. P. 5 (d) (1) (A)

STATE OF MAINE                                      UNIFIED CRIMINAL COURT
CUMBERLAND, ss.                                     CRIMINAL COURT ACTION
                                                    DOCKET NO CR-2021-00910


STATE OF MAINE,


     v.


DR. LINDA ELLISON EDELIN,        )    DEFENDANT'S RESPONSE
(Incorrectly identified in charging    )    TO MOTION TO WITHDRAW
documents as: "Linda Ellison        )
and/or Miss/Ms. Linda Ellison"    )


DEFENDANT'S RESPONSE TO MOTION TO WITHDRAW

TO THE HONORABLE COURT:

Now comes the Defendant, Dr. Linda Ellison Edelin, who respectfully submits this

Response to the Motion to Withdraw, notified September 4, 2025, by Attorneys Richard

Berne and Peter Rodway.


      I.    No Opposition to Withdrawal

1

Defendant does not oppose counsel's withdrawal. As set forth in Defendant's pending constitutional motions, the attorney-client relationship had already been rendered untenable by counsel's unilateral joint filings with the prosecution, failure to consult, and concealment of material proceedings.

## II. Correction of Record

Defendant requests that the record reflect the following clarifications:

a. No Request for Standby Counsel. At no point has Defendant requested that standby counsel be appointed. Any such reference in counsel's motion is inaccurate and must not be attributed to her.

b. Collusion by Counsel, Not Misconduct by Defendant. Defendant's pro se filings properly raised conflicts of interest, collusion, and failures of duty by successive counsel. These are *constitutional assertions*, not disparagement. The breakdown of the relationship stems from counsel's own actions, not from any misconduct by Defendant.

c. Failure of Communication. From May through August 2025, counsel's communications with Defendant consisted almost exclusively of brief, content-free text messages such as "we need to talk." Counsel did not maintain substantive communication by phone or email, nor provide timely notice of filings or orders. This fact is independently documented in Defendant's Exhibit Packet filed August 27, 2025. Additional proof beyond what is contained in that packet is available at the Court's request.

2

d. Unauthorized Joint Filings. On August 1, 2025, the Court docket reflects that Defendant's counsel joined the prosecution in filing a joint scheduling motion without Defendant's knowledge or consent for JSC, jury selection, and trial dates. This unilateral action was specifically identified in Defendant's pending motions and evidentiary exhibits, and underscores the conflict now acknowledged by counsel in seeking withdrawal.

III. Preservation of Record

Defendant has already submitted an evidence packet and multiple motions detailing counsel misconduct (filed August 13, 20, and 27, 2025). She incorporates those filings here by reference to avoid duplication, but stands ready to provide them again at the Court's direction.

WHEREFORE,

Defendant respectfully requests that:

1. The Court grant counsel's Motion to Withdraw;

2. The record reflect the above clarifications correcting misstatements in counsel's motion; and

3. All future service and communications be directed to Defendant at both the email and physical addresses provided in her signature block, consistent with her invocation of her Faretta right.

3

Respectfully submitted this 6th day of September, 2025, at Santa Monica, California.

Respectfully,

_____

Dr. Linda Ellison Edelin

Pro Se Defendant

1223 Wilshire Blvd., #139

Santa Monica, CA 90403

Tel: (310) 874-2430

Email: DLE@idnas.org

4

VERIFICATION

I, Dr. Linda Ellison Edelin, the undersigned Defendant, hereby verify under penalty of perjury pursuant to the laws of the State of Maine that I am proceeding pro se for purposes of this filing. I note that the charging documents incorrectly identify me as "Miss/Ms. Linda Ellison."

I have read the foregoing Response to Motion and know the contents thereof. The factual statements contained herein are true and correct to the best of my knowledge, information, and belief, and the legal arguments are made in good faith and supported by existing law or by nonfrivolous arguments for its extension or modification.

This verification is executed to affirm the authenticity and accuracy of the record presented and to confirm that I am the sole author and submitter of this motion.

Executed on this 6th day of September, 2025, at Santa Monica, California.

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2025, I caused the foregoing Response to **Motion to** to be filed with the Clerk of Court, with direction to the Clerk to:

1. Enter the Motion on the docket in the above-captioned matter in accordance with M.R.U. Crim. P. 49(a); and

2. Forward a complete e-service copy to the Office of the Attorney General in accordance with Me. R. Crim. P. 49(d).

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

STATE OF MAINE                          UNIFIED CRIMINAL COURT
CUMBERLAND, ss.                         CRIMINAL COURT ACTION
                                        DOCKET NO CR-2021-00910


STATE OF MAINE,


    v.


DR. LINDA ELLISON EDELIN,          )   MOTION TO VACATE OR
(Incorrectly identified in charging )  MODIFY PROCEDURAL ORDER
documents as: "Linda Ellison      )    OF SEPTEMBER 5, 2025 AND TO
and/or Miss/Ms. Linda Ellison"    )     PRESERVE DEFENDANT'S
                                  )    CONSTITUTIONAL RIGHTS


TO THE HONORABLE COURT:


Now comes the Defendant, Dr. Linda Ellison Edelin (misidentified in charging

documents as "Linda Ellison" and/or "Ms./Miss Linda Ellison"), appearing pro se, and

respectfully moves this Court to vacate, or in the alternative to modify, its Procedural

Order dated September 5, 2025. That Order directs an in-person hearing for September

16, 2025, consolidating numerous motions into a brief timeslot—a period

1

grossly inadequate to ensure meaningful consideration, and not providing for a mandated standalone *Faretta* hearing. The Order further purports to preserve jury selection and trial dates already tainted by unauthorized joint filings of prior counsel.

The September 5 Order compounds, rather than cures, the structural defects already in this case: jurisdictional misidentification, systemic denial of counsel, unauthorized joint filings, and now the consolidation of several constitutional motions and a *Faretta* hearing into a single brief session. As a matter of law, such an order cannot stand; it magnifies structural error rather than resolves it. As a matter of constitutional law, such an order cannot stand.

For the reasons set forth below, the September 5 Order must be vacated or modified to safeguard Defendant's rights under the United States Constitution and the Constitution of Maine.

## I. A STANDALONE *FARETTA* HEARING IS REQUIRED BEFORE ANY OTHER PROCEEDINGS

The Sixth Amendment guarantees both the right to counsel and the right to self-representation. *Faretta v. California*, 422 U.S. 806, 819–21 (1975). Once a defendant invokes self-representation, the court must stop all proceedings and hold a standalone hearing to determine whether the waiver of counsel is knowing, intelligent, and voluntary. *Carnley v. Cochran*, 369 U.S. 506, 516 (1962); *Iowa v. Tovar*, 541 U.S. 77, 88–92 (2004).

2

Maine precedent requires strict compliance: waiver cannot be implied, presumed, or collapsed into other matters. *State v. Watson*, 2006 ME 80, ¶17, 900 A.2d 702; *State v. Hutchinson*, 2009 ME 44, ¶22, 969 A.2d 923; *State v. Nisbet*, 2016 ME 36, ¶¶24–33, 134 A.3d 840.

The September 5 Order instead consolidates Defendant's *Faretta* motion with several other motions in a single omnibus session. This violates controlling law: the adjudication of *Faretta* rights is a discrete constitutional inquiry, not to be diluted by convenience. *McKaskle v. Wiggins*, 465 U.S. 168, 177–78 (1984) (denial or curtailment of *Faretta* rights is structural error, reversible per se).

Until a standalone *Faretta* hearing is convened and completed, no motion hearing, jury selection, or trial activity may lawfully advance. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006) (erroneous deprivation of chosen counsel is structural error); *Powell v. Alabama*, 287 U.S. 45, 69 (1932). The Constitution demands an on-the-record determination of Defendant's knowing and intelligent choice. Consent cannot be presumed, silence cannot be imputed, and post hoc corrections by counsel cannot substitute for constitutional waiver. *Faretta*, 422 U.S. at 834; *Carnley*, 369 U.S. at 516; *Watson*, 2006 ME 80, ¶17.

## II. THE BRIEF TIMESLOT IS CONSTITUTIONALLY INSUFFICIENT

The Order allocates the narrow window originally set for a Judicial Settlement Conference to adjudicate a slate of motions raising fundamental constitutional issues,

3

including:

1.  Two Motions to Dismiss (jurisdictional and systematic Sixth Amendment violations);

2.  Motion to Continue Jury Selection;

3.  Motion to Compel docketing of pro se filings;

4.  Motion Opposing the Judicial Settlement Conference; and others.

Condensing these matters into a single brief session is incompatible with due process. *Powell v. Alabama*, 287 U.S. 45, 71 (1932) (full and fair consideration required where fundamental rights are at stake). See also *Offutt v. United States*, 348 U.S. 11, 14 (1954) ("Justice must satisfy the appearance of justice.").

Maine law likewise recognizes that cumulative violations require in-depth judicial evaluation, not truncation. *State v. Lewis*, 2012 ME 36, ¶¶17–18, 39 A.3d 1132.

## III. DUE PROCESS REQUIRES A REMOTE *FARETTA* HEARING

Defendant resides in Southern California, over 3,000 miles away. To compel her personal attendance on eleven days' notice:

1. Imposes undue financial and logistical hardship, contrary to due process. *Bearden v. Georgia*, 461 U.S. 660, 672–73 (1983).

2. Needlessly multiplies cross-country travel, as jury selection is already scheduled the following week and trial in October. *Patton v. Yount*, 467 U.S.

4

1025, 1035–36 (1984).

3. Dilutes the *Faretta* inquiry by collapsing it into a bundled session rather than a

standalone, focused colloquy. *Faretta*, 422 U.S. at 819–21; *McKaskle*, 465 U.S. at

177–78 n.8.

A constitutionally adequate alternative is a remote *Faretta* hearing via Zoom or

equivalent; the same format already adopted for the Judicial Settlement Conference.

## IV. PREJUDGMENT AND MISIDENTIFICATION IN THE SEPTEMBER 5 ORDER

The Order reflects premature rulings on live constitutional disputes:

1. Jurisdictional Defect by Misidentification. The Order inserts Defendant's full

   legal name despite pending motions contesting the indictment's misidentification.

   An indictment against a fictitious person is void ab initio and cannot be salvaged

   by clerical correction. *United States v. Garcia-Paz*, 282 F.3d 1212, 1215 (9th Cir.

   2002); *Russell v. United States*, 369 U.S. 749, 770 (1962). Maine courts agree:

   *State v. Cadman*, 476 A.2d 1148, 1151–52 (Me. 1984); *State v. Pierce*, 438 A.2d

   247, 251 (Me. 1981).

2. Improper Characterization of Pro Se Filings. The Order describes filings as made

   "without counsel of record," implying impropriety. Yet once conflicts are raised,

   pro se filings are constitutionally authorized. *Faretta*, 422 U.S. at 834; *M.R.U.*

   *Crim. P. 49(a), (d)*.

5

3.  Prejudicial Dicta. Reliance on dicta from *Watson* to caution Defendant prejudges her election to proceed pro se, undermining neutrality. See *McKaskle*, 465 U.S. at 177–78 n.8; *Nisbet*, 2016 ME 36, ¶¶24–33.

V. JURY SELECTION/TRIAL DATES CANNOT STAND ABSENT RESOLUTION OF JURY-SELECTION/TRIAL GAP, STANDALONE FARETTA HEARING, AND CONSTITUTIONALLY MANDATED ADEQUATE PREPARATION TIME

Defendant has already objected to the unusual two-week gap between jury selection (Sept. 22) and trial (Oct. 6), which invites juror taint and prejudice. *Patton v. Yount*, 467 U.S. at 1035–36. The September 5 Order preserves these dates without addressing Defendant's pending objection.

Trial scheduling cannot lawfully proceed until after a standalone Faretta hearing and the constitutionally mandated opportunity for adequate preparation are afforded. Whether Defendant proceeds pro se or with newly appointed conflict-free counsel, she must be given sufficient time to prepare; without such preparation, any trial would violate the Sixth Amendment right to effective assistance of counsel and the Fourteenth Amendment right to due process. See *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Powell v. Alabama*, 287 U.S. 45, 71 (1932). To preserve due process, the currently slated jury selection and trial dates must be vacated. *Powell*, 287 U.S. at 71; *United States v. Cronic*, 466 U.S. 648, 659–60 (1984).

## VI. FAILURE TO ADDRESS DEFENDANT'S OPPOSITION TO STATE MOTIONS

The Order recites two "outstanding" State motions: (1) to admit deposition testimony and (2) to admit "other records." Defendant's August 20 motion expressly opposed admitting the deposition. By treating it as unopposed, the Order either overlooked or disregarded that filing, denying meaningful judicial consideration. *Mooney v. Holohan*, 294 U.S. 103, 112 (1935); *Taylor v. Kentucky*, 436 U.S. 478, 487 n.15 (1978).

Due process requires the Court to acknowledge and adjudicate Defendant's opposition before deeming the State's motions outstanding. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Kyles v. Whitley*, 514 U.S. 419, 437–38 (1995).

WHEREFORE

Defendant respectfully submits that the Constitution requires this Court to:

1. Vacate in full the Procedural Order of September 5, 2025, as inconsistent with constitutional requirements; or, in the alternative,

2. Modify the Order to:

   a. Convene a standalone *Faretta* hearing, to be scheduled, and held remotely via Zoom or other equivalent means, before any other proceedings may lawfully advance;

   b. Defer all substantive motion hearings until after the *Faretta* hearing has been completed, and until Defendant, whether proceeding pro se or with newly appointed, conflict-free counsel, has been afforded the constitutionally mandated

7

opportunity for adequate preparation;

c. Vacate the currently scheduled jury selection and trial dates, and hold all further scheduling in abeyance unless and until constitutional prerequisites are satisfied;

d. Acknowledge and adjudicate Defendant's filed opposition to the State's motion to admit deposition testimony, and require service of any other outstanding State motions before treating them as pending;

e. Refrain from altering or "correcting" the indictment's misidentification absent proper briefing, hearing, and adjudication; and

f. Grant such other and further relief as this Court deems just and proper to safeguard Defendant's rights under the United States Constitution and the Constitution of Maine.

Respectfully submitted, September 6, 2025 at Santa Monica, California.


Respectfully,




Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

8

VERIFICATION

I, Dr. Linda Ellison Edelin, the undersigned Defendant, hereby verify under penalty of perjury pursuant to the laws of the State of Maine that I am proceeding pro se for purposes of this filing. I note that the charging documents incorrectly identify me as "Miss/Ms. Linda Ellison."

I have read the foregoing Motion and know the contents thereof. The factual statements contained herein are true and correct to the best of my knowledge, information, and belief, and the legal arguments are made in good faith and supported by existing law or by nonfrivolous arguments for its extension or modification.

This verification is executed to affirm the authenticity and accuracy of the record presented and to confirm that I am the sole author and submitter of this motion.

Executed on this 6th day of September, 2025, at Santa Monica, California.

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2025, I caused the foregoing **Motion to** to be filed with the Clerk of Court, with direction to the Clerk to:

3. Enter the Motion on the docket in the above-captioned matter in accordance with M.R.U. Crim. P. 49(a); and

4. Forward a complete e-service copy to the Office of the Attorney General in accordance with Me. R. Crim. P. 49(d).

_____

Dr. Linda Ellison Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

10

Dr. Linda Ellison Edelin                                    DOCKET NO CR-2021-00910
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

Date: September 6, 2025,

Via Hand Delivery by Process Server To: Clerk of Court Cumberland County Courthouse
205 Newbury Street Portland, ME 04101

Dear Clerk,

Enclosed please find filings in the above-captioned matter consisting of two motions:

1. Defendant's Response to Motion to Withdraw; and
2. Motion to Vacate or Modify Procedural Order of September 5, 2025 and to Preserve Defendant's Constitutional Rights

Pursuant to M.R. Crim. P. 49(d) (service by the clerk) and M.R. Civ. P. 79(a) (docketing), the Defendant respectfully directs the Clerk to:

1. Enter the motions into the docket of this case in accordance with Rule 79(a); and
2. Forward a copy of the motions to the Office of the Attorney General, as counsel for the State, in accordance with Rule 49(d), by electronic service.

These motions are being delivered to you in hand by a licensed process server to maintain a complete and verifiable chain of custody.

Thank you for your assistance.

Respectfully,

Dr. Linda Ellison Edelin
Pro Se Defendant
(incorrectly identified in charging documents
as "Miss/Ms. Linda Ellison")

Enclosures: Defendant's Response to Motion to Withdraw and Motion to Vacate or Modify Procedural Order of September 5, 2025 and to Preserve Defendant's Constitutional Rights with Verifications and Certificates of Service

EXHIBIT F

Order of the Court
September 5, 2025
E-service to: Dr. Linda Edelin

Summary: Order of the Court dated September 5, 2025, directing an omnibus hearing on "all motions" rather than a standalone *Faretta* hearing, requiring in-person attendance in Portland Maine for defendant who resides in Los Angeles, 3,000 miles away rather than remote zoom as was previously ordered, maintaining jury selection and trial dates as previously scheduled, and continuing misidentification of the Defendant, submitted in support of Plaintiff's application for a Temporary Restraining Order under Fed. R. Civ. P. 65(b).

(Fed. R. Civ. P. 5 (d) (1) (A)

STATE OF MAINE                              UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss:                             Location: Portland
                                           Docket No. CUMCD-CR-2021-910

REC'D CUMB CLERKS OFC
SEP 5 '25 AM8:00

STATE OF MAINE

                                           PROCEDURAL ORDER
      vs.                                  AND NOTICE OF HEARING

LINDA ELLISON EDELIN,

          Defendant


        This matter is currently scheduled for a judicial settlement conference and
is on the trailing docket scheduled for trial on October 6, 7 and 8, 2025.
Defendant, without the apparent of her counsel of record, has filed a series of
motions, including several motions to dismiss, a motion opposing the judicial
settlement conference, a motion to continue (jury selection) and a "motion to
proceed *pro se*".  There is also pending the State's previously filed motion to
admit deposition and a motion to admit other records. It is the intention of the
court to now promptly resolve all pending motions in so as to preserve the
scheduled trial date (including jury selection) in this long pending case. To
accomplish that goal the court now CANCELS the judicial settlement conference[1]
and will use the time set aside for the settlement conference to address the
pending motions.

        To the extent defendant is now intends to discharge her counsel and
represent herself the court will specifically address her 'motion to proceed pro se'
the court informs defendant that notwithstanding any decision on the motion the
court will maintain the current trial schedule. Defendant is cautioned to read the
decision in *State v. Watson*, 2006 ME 80, which details the many reasons why self-
representation in criminal cases is generally discouraged and ill advised.

---

[1] The conference is cancelled in light of the recent filings by defendant and her clearly stated
opposition to conducting *a second* judicial settlement conference in this case.

Therefore, it is **HEREBY ORDERED** as follows:

The judicial settlement conference scheduled for **September 16, 2025 beginning at 9 a.m. is <u>CANCELLED</u>. Instead, a hearing will be conducted <u>in person</u> at this same time in the Cumberland County Courthouse on <u>all pending motions</u>**.

The Clerk of Court is instructed to incorporate this order by reference by a notation made upon the criminal docket."

Dated: ___9/5/2025___          _____

                                                  Hon. Peter Darvin

                                                  Judge, Unified Criminal Docket

2

EXHIBIT G

(Second) Objection to September 5, 2025 Order Requiring Personal
Appearance on September 16, 2025 and Renewed Assertion of
Constitutional Rights
September 13, 2025
Filed: Unified Criminal Court, Cumberland County, ME

Summary: Second objection to the September 5, 2025 order requiring personal appearance on September 16, 2025, renewing assertion of constitutional rights and contending that the order is impermissible absent adjudication of prior motions and a standalone *Faretta* hearing, further objecting to the shift from remote to in-person format as imposing unconstitutional financial and logistical burdens, to the lack of consultation in scheduling, and to the requirement of repeated cross-country travel, submitted in support of Plaintiff's application for a Temporary Restraining Order under Fed. R. Civ. P. 65(b).

(Fed. R. Civ. P. 5 (d) (1) (A)

STATE OF MAINE                          UNIFIED CRIMINAL COURT
CUMBERLAND, ss.                         CRIMINAL COURT ACTION
                                        DOCKET NO CR-2021-00910


STATE OF MAINE,


    v.


DR. LINDA ELLISON EDELIN,        )    OBJECTION AND RENEWED NOTICE
(Incorrectly identified in charging  )   REGARDING SEPTEMBER 5, 2025
documents as: "Linda Ellison      )    ORDER REQUIRING PERSONAL
and/or Miss/Ms. Linda Ellison"    )    APPEARANCE ON SEPTEMBER 16, 2025


TO THE HONORABLE COURT:

Defendant, Dr. Linda Ellison Edelin (misidentified in charging documents as "Linda Ellison" and/or "Ms./Miss Linda Ellison"), appearing pro se, lodges this formal objection to the Court's Procedural Order dated September 5, 2025, and reasserts her constitutional rights as already set forth in her Motion to Vacate or Modify filed September 8, 2025.

1

1. That motion remains pending and unadjudicated. Until it is resolved, enforcement of the September 5 Order is constitutionally impermissible.

2. The United States Constitution and the Constitution of Maine guarantee Defendant the right to self-representation. Faretta v. California, 422 U.S. 806, 819–21 (1975); State v. Watson, 2006 ME 80, ¶17, 900 A.2d 702. Once asserted, the right requires a standalone *Faretta* hearing before any further proceeding may lawfully advance. Consolidating or deferring that inquiry is structural error, reversible per se. McKaskle v. Wiggins, 465 U.S. 168, 177–78 (1984).

3. The Court's September 5 Order purports to compel Defendant's personal appearance on September 16 without first convening such a *Faretta* hearing. That command is void as a matter of law. No hearing, motion, jury selection, or trial event may lawfully proceed until the *Faretta* inquiry is held and resolved on the record. See Carnley v. Cochran, 369 U.S. 506, 516 (1962); Iowa v. Tovar, 541 U.S. 77, 88–92 (2004).

4. Independent of this structural violation, compelling Defendant—residing over 3,000 miles away—to appear on eleven days' notice imposes financial, professional, and logistical burdens that due process forbids. The date and time of September 16 at 9:00 a.m. were set through collusion between conflicted former counsel and the prosecution, without Defendant's knowledge, consultation, or consent. The hearing was originally noticed as a Zoom Judicial Settlement Conference, not an in-person proceeding. Defendant's professional calendar is set six weeks in advance, and she has existing professional obligations that directly

2

conflict with that date and time. Even if the Court attempted to shift the proceeding back to Zoom, the unilateral scheduling remains constitutionally defective. Bearden v. Georgia, 461 U.S. 660, 672–73 (1983).

5. Likewise, the jury selection and trial dates presently set in this matter were fixed without Defendant's knowledge, consultation, or consent. Those dates were established through a joint agreement by conflicted former counsel in collusion with the prosecution, purporting to bind Defendant without authority. A defendant cannot be bound to jury or trial dates set through such collusion. In addition, no jury selection or trial date can lawfully stand until after a standalone *Faretta* hearing has been convened and completed on the record. Scheduling in violation of these constitutional and procedural requirements is void ab initio and must be vacated.

WHEREFORE,

Defendant asserts as a matter of constitutional right that:

a. The September 5, 2025 Order is unenforceable absent a prior standalone *Faretta* hearing;

b. No proceeding, hearing, or trial activity may lawfully advance until such a standalone hearing is convened and completed on the record;

c. Compelling Defendant to appear on September 16, 2025 — whether in-person or by

3

remote means — before a standalone *Faretta* hearing constitutes structural error and denial of due process;

d. The Court is bound to vacate or modify its September 5, 2025 Order to conform with constitutional requirements;

e. Any date or time set through collusion between conflicted counsel and the prosecution, without Defendant's knowledge or consent, cannot lawfully bind Defendant and is void ab initio; and

f. Accordingly, the September 16 ordered in-person or remote appearance, together with the jury selection and trial dates set through such collusion and absent a prior standalone *Faretta* hearing, are void ab initio and must be vacated.

Submitted this 13th day of September, 2025, at Santa Monica, California.

Respectfully,

Dr. Linda Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

4

VERIFICATION

I, Dr. Linda Ellison Edelin, the undersigned Defendant, hereby verify under penalty of perjury pursuant to the laws of the State of Maine that I am proceeding pro se for purposes of this filing. I note that the charging documents incorrectly identify me as "Miss/Ms. Linda Ellison."

I have read the foregoing Objection to September 5, 2025 Order Requiring Personal Appearance on September 16, 2025 and Renewed Assertion of Constitutional Rights  and know the contents thereof. The factual statements contained herein are true and correct to the best of my knowledge, information, and belief, and the legal arguments are made in good faith and supported by existing law or by nonfrivolous arguments for its extension or modification.

This verification is executed to affirm the authenticity and accuracy of the record presented and to confirm that I am the sole author and submitter of this motion.

Executed on this 13th day of September, 2025, at Santa Monica, California.

_____

Dr. Linda Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2025, I caused the foregoing

Objection to September 5, 2025 Order Requiring Personal Appearance on September 16,

2025 and Renewed Assertion of Constitutional Rights to to be filed with the Clerk of

Court, with direction to the Clerk to:

1. Enter the Objection on the docket in the above-captioned matter in accordance
   with M.R.U. Crim. P. 49(a); and

2. Forward a complete e-service copy to the Office of the Attorney General in
   accordance with Me. R. Crim. P. 49(d).


_____

Dr. Linda Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

6

Dr. Linda Ellison Edelin                                    DOCKET NO CR-2021-00910
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

Date: September 13, 2025,

Via Hand Delivery by Process Server To: Clerk of Court Cumberland County Courthouse
205 Newbury Street Portland, ME 04101

Dear Clerk,

Enclosed please find filings in the above-captioned matter consisting of one Objection:

1. Objection to September 5, 2025 Order Requiring Personal Appearance on
   September 16, 2025 and Renewed Assertion of Constitutional Rights

Pursuant to M.R. Crim. P. 49(d) (service by the clerk) and M.R. Civ. P. 79(a) (docketing), the Defendant respectfully directs the Clerk to:

1. Enter the objection into the docket of this case in accordance with Rule 79(a); and
2. Forward a copy of the objection to the Office of the Attorney General, as counsel
   for the State, in accordance with Rule 49(d), by electronic service.

This objection is being delivered to you in hand by a licensed process server to maintain a complete and verifiable chain of custody.

Thank you for your assistance.

Respectfully,

Dr. Linda Edelin
Pro Se Defendant
(incorrectly identified in charging documents
as "Miss/Ms. Linda Ellison")

Enclosure: Objection to September 5, 2025 Order Requiring Personal Appearance on September 16, 2025 and Renewed Assertion of Constitutional Rights with Verifications and Certificates of Service

EXHIBIT H

Objection and Demand of Vacatur of Unconstitutional September 16, 2025 Court Order
September 16, 2025
Filed: Unified Criminal Court, Cumberland County, ME

Summary: Objection and demand to vacate the September 16, 2025 court order, asserting that the order unconstitutionally reschedules an omnibus hearing rather than convening a standalone *Faretta* hearing, that all trial and jury dates set through collusion with former counsel are void, that compelled appearance before a *Faretta* ruling constitutes structural constitutional error, that misidentification in the charging documents cannot be cured by "inquiry," and that **threats of warrant**, default, or denial of motions are coercive and unconstitutional, submitted in support of Plaintiff's application for a Temporary Restraining Order under Fed. R. Civ. P. 65(b).

(Fed. R. Civ. P. 5 (d) (1) (A)

STATE OF MAINE                          UNIFIED CRIMINAL COURT
CUMBERLAND, ss.                         CRIMINAL COURT ACTION
                                        DOCKET NO CR-2021-00910


STATE OF MAINE,


    v.


DR. LINDA EDELIN,                    )    OBJECTION AND DEMAND
(Incorrectly identified in charging  )    OF VACATUR OF UNCONSTITUTIONAL
documents as: "Linda Ellison        )    SEPTEMBER 16, 2025 ORDER
and/or Miss/Ms. Linda Ellison"      )


TO THE HONORABLE COURT:

Defendant, Dr. Linda Edelin (misidentified in charging documents as "Linda Ellison"

and/or "Ms./Miss Linda Ellison"), appearing pro se, hereby categorically rejects and

demands vacatur of the Court's September 16, 2025 Order. That Order merely

reschedules and reasserts the unconstitutional September 5, 2025 omnibus directive and

1

purports to compel Defendant's appearance on September 18, 2025 under threat of default, bail forfeiture, denial of motions and arrest. The September 16 Order is void ab initio and cannot stand.

1. Omnibus hearing is unconstitutional and void.

The September 16 Order perpetuates the unconstitutional "all motions" omnibus hearing first ordered on September 5. Such a structure is flatly barred by controlling precedent. The Constitution requires:

- A standalone *Faretta* hearing as its own proceeding;

- Scheduled in coordination with Defendant, who resides 3,000 miles away;

- Conducted remotely to accommodate hardship and due process.

Until such a *Faretta* hearing is convened and completed on the record, no other proceeding may lawfully advance. *Faretta v. California*, 422 U.S. 806, 819–21 (1975); *State v. Watson*, 2006 ME 80, ¶17, 900 A.2d 702.

2. Dates fixed by conflicted counsel are void.

The September 16 slot was originally set by conflicted former counsel and the prosecution as a Judicial Settlement Conference, without Defendant's knowledge or consent. The Court has now unilaterally repurposed that slot into an omnibus hearing. Jury selection (September 22) and trial commencement (October 6) were likewise fixed

2

through collusion. Defendant never authorized or agreed to any of these dates. All such dates are void ab initio and unenforceable.

3. Compulsion is structural constitutional error.

Compelling Defendant to appear at an omnibus hearing before a *Faretta* inquiry is held is structural constitutional error, reversible per se. Threats of default, bail forfeiture, denial of motions or arrest for refusing to submit to unconstitutional procedure are themselves constitutional violations. *McKaskle v. Wiggins*, 465 U.S. 168, 177–78 (1984); *Powell v. Alabama*, 287 U.S. 45, 69 (1932).

4. Misidentification cannot be "inquired into."

The Court's suggestion that a name "inquiry" must be conducted is legally baseless. Defendant's identity is established by government-issued identification, including her Maine driver's license. The charging documents' use of "Linda Ellison" is constitutionally defective. An indictment against a fictitious or misnamed person is void ab initio and cannot be judicially amended. *United States v. Garcia-Paz*, 282 F.3d 1212, 1215 (9th Cir. 2002); *Russell v. United States*, 369 U.S. 749, 770 (1962).

5. Filing by authorized process server is proper.

All of Defendant's filings have been served by her authorized process server and his agents, with separate affidavits confirming his service, after their receipt from Defendant via FedEx from California. Defendant has never personally filed at the clerk's office.

3

Speculation otherwise is irrelevant. Service by agent is standard, lawful, and binding.

6. *Faretta* invocation is controlling.

Defendant has formally invoked her *Faretta* rights. Once asserted, the Court has no discretion: conflicted counsel cannot remain as "counsel of record." Treating conflicted counsel as still in place after *Faretta* has been invoked is itself structural error. *Faretta*, 422 U.S. at 819–21; *McKaskle*, 465 U.S. at 177–78.

7. Threats of warrant, default, or denial of motions are unconstitutional.

The September 16 Order's threats of arrest, bail forfeiture, or denial of Defendant's motions for "failure to prosecute" are legally unsustainable and unconstitutional. Defendant has fully prosecuted her motions by filing them in proper form. Once filed, motions must be adjudicated on their merits or dismissed by written order citing grounds. Denial solely because Defendant declines to appear at an unlawful omnibus hearing is structural error and denial of due process. *Mooney v. Holohan*, 294 U.S. 103, 112 (1935); *Taylor v. Kentucky*, 436 U.S. 478, 487 n.15 (1978).

WHEREFORE, Defendant asserts as a matter of constitutional right that:

a. The September 16, 2025 rescheduling order, being derivative of the unconstitutional September 5, 2025 order, is void ab initio and must be vacated in full;

b. No omnibus "all motions" hearing may lawfully proceed;

4

c. No compelled appearance — in person or remote — may lawfully be required until a standalone *Faretta* hearing is scheduled in coordination with Defendant and completed on the record;

d. All dates set through collusion between conflicted former counsel and the prosecution — including the September 16, now September 18 hearing, September 22 jury selection, and October 6 trial — are void ab initio and must be vacated;

e. Any attempt to enforce the September 16 order through default, bail forfeiture, warrant, or denial of motions constitutes structural constitutional error, reversible per se. *McKaskle v. Wiggins*, 465 U.S. 168, 177–78 (1984); *Faretta v. California*, 422 U.S. 806, 819–21 (1975); *Powell v. Alabama*, 287 U.S. 45, 69 (1932); *Mooney v. Holohan*, 294 U.S. 103, 112 (1935).

Respectfully submitted this 16th day of September, 2025, at Santa Monica, California.

Dr. Linda Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

VERIFICATION

I, Dr. Linda Edelin, the undersigned Defendant, hereby verify under penalty of perjury pursuant to the laws of the State of Maine that I am proceeding pro se for purposes of this filing. I note that the charging documents incorrectly identify me as "Miss/Ms. Linda Ellison."

I have read the foregoing **OBJECTION AND DEMAND OF VACATUR OF UNCONSTITUTIONAL SEPTEMBER 16, 2025 ORDER** and know the contents thereof. The factual statements contained herein are true and correct to the best of my knowledge, information, and belief, and the legal arguments are made in good faith and supported by existing law or by nonfrivolous arguments for its extension or modification.

This verification is executed to affirm the authenticity and accuracy of the record presented and to confirm that I am the sole author and submitter of this motion.

Executed on this 16th day of September, 2025, at Santa Monica, California.

_____

Dr. Linda Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2025, I caused the foregoing

OBJECTION AND DEMAND OF VACATUR OF UNCONSTITUTIONAL

SEPTEMBER 16, 2025 ORDER  to to be filed with the Clerk of Court, with direction to

the Clerk to:

1.  Enter the Objection on the docket in the above-captioned matter in accordance

    with M.R.U. Crim. P. 49(a); and

2.  Forward a complete e-service copy to the Office of the Attorney General in

    accordance with Me. R. Crim. P. 49(d).


 

_____

Dr. Linda Edelin
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

7

Dr. Linda Edelin                                     DOCKET NO CR-2021-00910
Pro Se Defendant
1223 Wilshire Blvd., #139
Santa Monica, CA 90403
Tel: (310) 874-2430
Email: DLE@idnas.org

Date: September 16, 2025,

Via Hand Delivery by Process Server To: Clerk of Court Cumberland County Courthouse 205 Newbury Street Portland, ME 04101

Dear Clerk,

Enclosed please find filings in the above-captioned matter consisting of one Objection:

1. OBJECTION AND DEMAND OF VACATUR OF UNCONSTITUTIONAL SEPTEMBER 16, 2025 ORDER

Pursuant to M.R. Crim. P. 49(d) (service by the clerk) and M.R. Civ. P. 79(a) (docketing), the Defendant respectfully directs the Clerk to:

1. Enter the objection into the docket of this case in accordance with Rule 79(a); and
2. Forward a copy of the objection to the Office of the Attorney General, as counsel for the State, in accordance with Rule 49(d), by electronic service.

This objection is being delivered to you in hand by a licensed process server to maintain a complete and verifiable chain of custody.

Thank you for your assistance.

Respectfully,

Dr. Linda Edelin
Pro Se Defendant
(incorrectly identified in charging documents
as "Miss/Ms. Linda Ellison")

Enclosure: OBJECTION AND DEMAND OF VACATUR OF UNCONSTITUTIONAL SEPTEMBER 16, 2025 ORDER

EXHIBIT I

September 16 Court Order
September 16, 2025
E-served to: Dr. Linda Edelin

Summary: Order of the Court dated September 16, 2025, rescheduling an omnibus hearing in lieu of a standalone *Faretta* hearing, maintaining jury and trial dates previously set, purporting to "inquire into" misidentification issues, and warning of potential warrant, default, or denial of motions for noncompliance, submitted in support of Plaintiff's application for a Temporary Restraining Order under Fed. R. Civ. P. 65(b).

(Fed. R. Civ. P. 5 (d) (1) (A)

STATE OF MAINE
CUMBERLAND, ss:

UNIFIED CRIMINAL DOCKET
Location: Portland
Docket No. CUMCD-CR-2021-910

REC'D CUMB CLERKS OFC
SEP 16 '25 AM 11:20

STATE OF MAINE

vs.

LINDA ELLISON EDELIN[1],

Defendant

PROCEDURAL ORDER
AND NOTICE OF RESCHEDULED
HEARING

This matter is currently scheduled for a jury selection on Monday September 22, 2025 and is on the trailing docket specially scheduled for a 3 day trial on October 6, 7 and 8, 2025. Defendant has recently filed, without the prior knowledge of her counsel of record, a series of motions. The court scheduled an in person hearing on the same date (today) previously scheduled for a noticed judicial settlement conference by order dated September 5, 2025.[2] Defendant failed to appear. She recently filed additional motions objecting to the in person hearing claiming that she is presently residing in California. The court earlier today sent notice to defendant (directly) and notice to her counsel that it would allow appearance today by remote electronic means (Zoom video).[3]

---

[1] The court had intended to conduct inquiry as part of the scheduled hearing for the basis for defendant's repeated assertions that her correct legal name in this case is Linda Ellison Edelin. Due to defendant's nonappearance the court was unable to conduct this inquiry. The court defers any action to consider correction or amendment of the pleadings and filings until proper inquiry can be made.

[2] Although the previously scheduled settlement conference had been scheduled to be conducted by remote electronic means (Zoom video) the court decided to schedule an in person hearing due to the nature, seriousness and timing of the pending motions and uncertainty as to defendant's present actual whereabouts and residence. The clerks office notice that all of defendant's motions and correspondence have been filed with an original signature in person at the courthouse by an unidentified female, leading to a question as to whether this individual was the defendant.

[3] This notice included direct telephone message contact and email notification to those numbers and addresses listed on defendant's recent written communications with the court. The court also directed counsel of record to attempt communications with defendant, which they stated they did without success.

Attorneys for the State and defendant's counsel of record appeared for the hearing. Defendant did not appear, despite delaying the hearing and waiting for a response from defendant for one half hour past the scheduled hearing time. The court took no action on the pending motions, including the more recently filed motion to withdraw filed by defendant's counsel of record. Instead, in an abundance of caution the court reschedules this matter for a hearing to be conducted by remote electronic means (Zoom video) for Thursday. The court otherwise takes no action today on the present motions, including defendant's own motions. This matter remains scheduled for ***both jury selection and trial*** as currently noticed.

Therefore, it is **HEREBY ORDERED** as follows:

The hearing on the pending motions originally scheduled today pursuant to the procedural order dated September 5, 2025 is now **CONTINUED and RESCHEDULED** for **THURSDAY, SEPTEMBER 18, 2025 beginning at 9:30 a.m. (Eastern Standard Time).** The hearing shall be conducted **by remote electronic means** (Zoom video) pursuant to the separate link and instructions provided by the Clerk. The parties (including the defendant herself) are responsible to contact the Clerk and make all necessary arrangements to appear by remote electronic means at the hearing.

**The defendant is cautioned that if she fails to appear at the 9/18/25 hearing (by remote electronic means) or the currently scheduled jury selection date (in person in Maine) a warrant for her arrest may issue. In addition, any motions filed by defendant may be DENIED for her failure to prosecute these motions.**

The Clerk of Court is instructed to incorporate this order by reference by a notation made upon the criminal docket."

Dated: _____9/16/25_____          _____

Hon. Peter Darvin
Judge, Unified Criminal Docket

EXHIBIT J

Defendant's Statement at Zoom Hearing
September 18, 2025
Live hearing via remote Zoom

Summary: Defendant's statement made during a live remote Zoom hearing on September 18, 2025, asserting constitutional objections and reserving rights, submitted in support of Plaintiff's application for a Temporary Restraining Order under Fed. R. Civ. P. 65(b).

(Fed. R. Civ. P. 5 (d) (1) (A)

**September 18, 2025– "all motions" hearing; no Faretta first.**

**Dr. Linda Edelin to-be-read-aloud statement to the court:**

"Your Honor, I have a statement I need to place on the record.

I appear today under protest

and solely under duress – of threat of arrest and forfeiture.

**I do not consent to this hearing.**

**I stand on my constitutional rights,**

**including my right to a standalone *Faretta* hearing.**

I have filed an emergency Petition and TRO in the United States District Court, Central District of California.

Federal jurisdiction has been invoked,

and any further action risks direct conflict.

I also state for the record that I never agreed

or consented to the September 22 jury selection

or the October 6 trial commencement dates;

those were scheduled without my knowledge or consent.

**This is a special appearance only, I do not consent to proceed.**

**Having placed my protest and notice on the record,**

**I withdraw from this proceeding**

under duress and non-consent.

**I do not waive any rights,**

and I will not participate further."

*((Immediately disconnect from Zoom))*

- **Finish script no matter what.**
- At that point, **disconnect without answering. No "participation."**

EXHIBIT K

Order of the Court
September 18, 2025
E-served to Dr. Linda Edelin

Summary: Order of the Court dated September 18, 2025, stating that a **warrant "shall issue" if Plaintiff does not appear for jury selection on September 22, 2025,** reciting that Plaintiff interrupted the court and left the proceeding, and omitting any specification of the time or location for jury selection, thereby issuing an unenforceable directive and employing coercive threat without due process, submitted in support of Plaintiff's application for a Temporary Restraining Order under Fed. R. Civ. P. 65(b).

(Fed. R. Civ. P. 5 (d) (1) (A)

STATE OF MAINE                          UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss:                         Location: Portland
                                        Docket No. CUMCD-CR-2021-910


STATE OF MAINE

                                        ORDER AFTER HEARING ON
        vs.                             MOTIONS

LINDA ELLISON,[1]

        Defendant


    This matter was scheduled today for hearing on pending motions filed by defendant, including her motion to represent herself, and the companion motion for withdrawal filed by defendant's retained counsel of record. The underlying criminal case is scheduled for a jury selection on Monday September 22, 2025 and is on the trailing docket specially scheduled for a 3 day trial beginning on October 6, 2025. Defendant failed to appear at the hearing on September 16, 2025 that was scheduled to address the pending motions pursuant to the court's order dated September 5, 2025. The court then issued a further order rescheduling the motion for hearing today allowing the defendant to appear by remote electronic means. Yesterday, defendant made several 'emergency' court filings challenging the court's authority and 'objecting' to the hearing.[2]

    At the hearing today, defendant appeared briefly by remote electronic means (Zoom video) along with counsel for the State and defendant's counsel of record. As the court was explaining the manner in which the hearing today would proceed by stating that it would first address defendant's motion for self-representation and then the motion for withdrawal of counsel, defendant

---

[1] The indictment in this case is against Linda Ellison, a/k/a Linda Ellison Edelin. The court had intended to conduct inquiry as part of the scheduled hearing to determine the basis for defendant's repeated assertions that her correct legal name in this case is Linda Ellison Edelin, but was unable to do so after defendant's abrupt and unauthorized departure from the hearing.
[2] These filings include an 'objection and demand of vacatur of unconstitutional 91/6/25 order' and 'notice of protested appearance, nonconsent and federal filing'.

interrupted the court proceeding. She then read a brief statement as a form of
'special appearance' challenging the authority of the court to conduct any
hearing. She specifically stated that she 'did not consent' to the previously
scheduled jury selection and trial dates. She also referenced some undocumented
filing of a 'writ of habeas corpus and motion for temporary restraining order in
the U.S. District Court for the Central District of California'. As the court
attempted to address defendant and refocus the hearing process defendant
abruptly hung up on the connection and refused to reengage.

The defendant was indicted by a grand jury on March 5, 2021 and is
charged with six counts of alleged criminal misconduct including Theft by
Deception, and five separate counts of Aggravated Forgery. These are all Class  B
felony offenses, punishable upon conviction by up to 10 years of incarceration
and a fine up to $20,000.00 for each offense. Defendant has been represented by
several different retained criminal defense attorneys throughout the four (4) year
pendency of this case. Extensive pretrial litigation has taken place, including the
filing of procedural motions and motions to dismiss and the taking of a
deposition. The matter has been scheduled multiple times for 'docket call' (to
select final jury trial dates) during the past several years and was continued each
time for many reasons including requests by the defendant and her then counsel
of record. This case was more recently scheduled for jury selection and jury trial
by order dated 8/1/2025.[3]

On 8/14/25 defendant, acting individually and not through counsel, filed
additional motions to dismiss and a 'notice of self-representation.[4] The court did
not initially act on the motions as they were not filed by her counsel of record.
On August 27, 2025 defendant filed additional (duplicate) copies of her motions
to dismiss, accompanied by a motion to continue and a formal motion to proceed
*pro se*. The court cancelled the judicial settlement conference (objected to by
defendant) and set the hearing date on her motions using the existing scheduled
conference date. The defendant's counsel of record then filed a formal motion to
withdraw. The court stated its intention to first conduct the inquiry required by
*State v. Watson*, 2006 ME 80 related to her motion for self-representation, then

---

[3] The case was also scheduled at that time for a second judicial settlement conference on 9/16/25.
The court cancelled the judicial settlement conference based on the deluge of *pro se* filings by
defendant and her objection to the conference, but preserved the conference date for the hearing
on the motions. Defendant failed to appear on that date, leading to the rescheduling of the hearing
on the motions to today's date.
[4] At least three separate motions to dismiss have been filed by defendant that were previously
addressed (and denied) by the court during the pendency of this case.

address the motion to withdraw by her counsel, and then identify and address other motions (including the newly filed motions to dismiss, the motion to continue jury selection) and other substantive motions.[5]

Defendant was warned in the court's most recent order dated 9/16/25 that her failure to appear for the hearing today could result in the issuance of an arrest warrant and the dismissal of her other filed motions. Furthermore, defendant was specifically informed that the previously scheduled jury selection and trial dates were still operative and in effect. Defendant mistakenly believes that by simply filing motions or ignoring court orders this changes the terms of existing court orders or automatically stays their effect. Defendant also mistakenly believes that she can dictate court procedure or that she has to 'consent' to the scheduling of trial.[6] Finally, defendant mistakenly believes that her brazen acts of contempt leaving the scheduled hearing and disconnecting from the electronic forum without permission of the court will be effective in accomplishing her desire to delay trial.

The court has established jurisdiction, and the State of Maine has the right to proceed to trial on the pending charges. Defendant has many important established constitutional rights, including the right to counsel and the right to be presumed innocent and to defend this action, but she does not have the right to take unilateral actions to prevent a case that has been pending for four years to proceed to trial. In light of defendant's actions and refusal to meaningfully engage in the hearing today and her abrupt and unauthorized departure from the hearing, the court will deny all of defendant's pending motions, except for the motion for self-representation which will be addressed as a preliminary matter prior to any jury selection. The existing jury selection dates and trial dates remain as scheduled. The court further GRANTS the unopposed motion to withdraw filed by defendant's counsel of record, as she has demonstrated by her recent filings and conduct that she refuses to communicate or work with her retained counsel. All other substantive pretrial motions shall be addressed prior to the trial date.

Therefore, it is **HEREBY ORDERED** as follows:

---

[5] These include pending motions to admit the deposition in lieu of direct live testimony and a motions regarding other evidentiary issues.

[6] There is no basis for defendant's position that she is 'entitled' to a 'stand alone *Fareta* hearing'. Given the untimely filing of defendant's motions the court properly scheduled existing pending motions, including those filed by defendant.

1.   The defendant's several additional motions to dismiss are all **DENIED and DISMISSED** due to her failure to prosecute as well as their lack of substantive merit. The defendant's motion to proceed *pro se* shall be addressed prior to jury selection. Defendant's other procedural motions and objections are **DENIED**.

2.   The defendant's motion to continue is **DENIED** due to her conduct and failures to appear as well as due to the longstanding pendency and special scheduling of this matter. **Jury selection shall go forward as scheduled** and <u>defendant must appear **in person** on Monday, September 22, 2025 at 9:00 a.m. at the Cumberland County courthouse in Portland, Maine</u>.  Jury trial is currently scheduled for three consecutive dates beginning on October 6, 2025.

3.   The motion to withdraw filed by defendant's counsel of record is **GRANTED**. Attorneys Peter Rodway and Richard Berne are **GRANTED permission to withdraw effective immediately**. The court will address defendant's request to represent herself as a preliminary matter. If defendant is granted permission to represent herself after the court is allowed to make proper inquiry and determines that she has knowingly and intelligently waived her right to counsel, then the defendant should be prepared to represent herself. Alternatively, defendant should make immediate arrangements for replacement trial counsel.

**The defendant is again cautioned that if she fails to appear <u>in person</u> at the courthouse in Portland, Maine for jury selection and other pretrial proceedings as they are presently scheduled, then <u>a warrant for her arrest shall issue</u>.**

The Clerk of Court is instructed to incorporate this order by reference by a notation made upon the criminal docket."

Dated: ____9/18/25____         _____

Hon. Peter Darvin
Judge, Unified Criminal Docket

4

EXHIBIT L


Forwarded Email from Withdrawn Counsel (Not Court Service)
September 19, 2025 — Re: September 22, 2025 Jury Selection
Locations and Times
Forwarded to Dr. Linda Edelin's personal Gmail account; not served
by the Court


Summary: Forwarded email dated September 19, 2025, transmitting jury selection locations and times, not served by the Court but sent by withdrawn counsel to Plaintiff's personal email account, with Plaintiff excluded from the official service list despite the Court's prior use of her correct address for e-service of orders, submitted in support of Plaintiff's application for a Temporary Restraining Order under Fed. R. Civ. P. 65(b).


(Fed. R. Civ. P. 5 (d) (1) (A)

# Fwd: 9-22-25 Final Jury Selection List

Inbox



**Richard Berne**

Fri, Sep 19, 2:34 PM (2 days ago)

to me, peter

See below Linda.

Sent from my iPhone

Begin forwarded message:

**From:** "List: CUMUCD" <cumucd@courts.maine.gov>

**Date:** September 19, 2025 at 3:16:46 PM EDT

**To:** Maine PT <portland@mainepretrial.org>, Probation <Corrections.Region-1-Adult@maine.gov>, CCJ Paperwork <Intake@cumberlandcounty.org>, CCJ Lists <professionalvisits@cumberlandcounty.org>, "Sawyer, Shelley" <shelley.sawyer@courts.maine.gov>, DA Office Staff Group <da_staff_group@cumberlandcounty.org>, DA Office Interns <da_interns_group@cumberlandcounty.org>, DA Office Attorney Group <da_attorneys_group@cumberlandcounty.org>, "Veilleux, Tyler" <tyler.veilleux@courts.maine.gov>, "Hollifield, Austin" <austin.hollifield@courts.maine.gov>, "Alward, Beth" <Beth.Alward@courts.maine.gov>, "Dyer, Nolan" <Nolan.Dyer@courts.maine.gov>,

"Purves, Mariah" <mariah.purves@courts.maine.gov>, "Doering, Tia" <tia.doering@courts.maine.gov>, "Cook, Deb" <deb.cook@courts.maine.gov>, "Lizanecz, Jyllian" <jyllian.lizanecz@courts.maine.gov>, "[Executive Branch]crimnotices, oag" <oag.crimnotices@maine.gov>, "[Executive Branch]Sawyer, Benjamin" <benjamin.sawyer@maine.gov>, "Reese, Olivia" <olivia.reese@courts.maine.gov>, "Pelletier, Robert" <robert.pelletier@courts.maine.gov>

**Cc:** "List: Court Reporter Scheduling" <courtreporterscheduling@courts.maine.gov>, "Heal, Colleen" <colleen.heal@courts.maine.gov>, Richard Berne <berne@bernelawme.com>, "kelli rodwaylaw.com" <kelli@rodwaylaw.com>, "[Executive Branch]Lychwala, Kendra" <kendra.lychwala@maine.gov>, Leanne Robbin <leanne.robbin@maine.gov>, Stephen Shea <Steve@shealawmaine.com>, Kayla Alves <kayla@pdca.law>, Ben Parker <ben.attorney.parker@gmail.com>, Jaime Shorter <jshorter@twmmaine.com>, Trey Cox <tcox@twmmaine.com>, Ian Paleologopoulos <ian@peterjcyrlaw.com>, Randall Bates <randall.j.bates@gmail.com>, Darius Wadia <dwadia@wadialaw.com>, chipmanlawllc@gmail.com, Corey Stone <cstone@stonelegal.org>, "List: CUMUCD" <cumucd@courts.maine.gov>

**Subject: 9-22-25 Final Jury Selection List**

Good afternoon,

<mark>Attorneys and their clients are to report to courtroom 7 at 8:30am for the call of the list</mark>. All pleas will take place at that time. All parties ready for Jury Selection will then be directed to Courtroom 12. Please see the attached list.

Thank you,

Jess

*Jessica Comeau*

*Associate Clerk*

*Cumberland County Unified Criminal Docket*

*205 Newbury Street, 2nd Floor*

*Portland, ME 04101*

*(207)822-4112*

*Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy/delete all copies of the original message.*

**One attachment** • Scanned by Gmail

## CUMBERLAND, ss. SUPERIOR COURT

COURT SCHEDULING REPORT (A) FROM 09/22/2025 TO 09/22/2025

**SCHEDULED FOR DATE 09/22/2025 at 08:30 a.m. ROOM #:** 12

---

CUMCD-CR-2024-01783  **SUHIB AHMED ABDULLAH**                        DOB:01/07/1981
                    JURY TRIAL                              ATTY:PETER J CYR
*Continued*         Count(s) 001-ASSAULT Class D            ERIC YOUNG        SPO
                    Count(s) 002-CRIMINAL THREATENING Class D   ERIC YOUNG        SPO
                    Count(s) 003-REFUSE TO SIGN UNIFORM SUMMONS AND   ERIC YOUNG   SPO
                    COMPLAINT Class E

---

CUMCD-CR-2024-02984  **CHARLES ELLIOTT III**                          DOB:08/20/1953
                    JURY TRIAL                              ATTY:ADAM P SHERMAN
                    Count(s) 001-THEFT BY UNAUTHORIZED TAKING OR   EVAN HILBIE    SCA
                    TRANSFER Class C
                    Count(s) 002-THEFT BY UNAUTHORIZED TAKING OR   EVAN HILBIE    SCA
                    TRANSFER Class D

---

CUMCD-CR-2021-00910  **LINDA ELLISON**                                DOB:06/04/1976
                    JURY TRIAL                              ATTY:RICHARD BERNE
                                                            ATTY:THOMAS F HALLETT
                                                            ATTY:PETER RODWAY
                    Count(s) 001-THEFT BY DECEPTION Class B              MAG
                    Count(s) 002-AGGRAVATED FORGERY Class B              MAG
                    Count(s) 003-AGGRAVATED FORGERY Class B              MAG
                    Count(s) 004-AGGRAVATED FORGERY Class B              MAG
                    Count(s) 005-AGGRAVATED FORGERY Class B              MAG
                    Count(s) 006-AGGRAVATED FORGERY Class B              MAG

---

CUMCD-CR-2023-05335  **MIGUEL FAJARDO PACHEO**                        DOB:01/10/1983
                    JURY TRIAL                              ATTY:STEPHEN SHEA
                    Count(s) 001-DOMESTIC VIOLENCE ASSAULT Class D       CMB

---

CUMCD-CR-2023-03851  **CHRISTOPHER J GROVER**                         DOB:06/29/1990
                    JURY TRIAL                              ATTY:KAYLA ALVES
                                                            ATTY:BEN PARKER
                    Count(s) 001-ASSAULT Class D                        WND
                    Count(s) 002-CRIMINAL MISCHIEF Class D              WND

---

CUMCD-CR-2024-02630  **ERIK E JACKSON**                               DOB:11/17/1986
                    JURY TRIAL                              ATTY:JAIME SHORTER
                                                            ATTY:MATTHEW COX
                    Count(s) 001-CRIMINAL THREATENING Class C   CHRISTOPHER WALLES   POR
                    Count(s) 002-THREATENING DISPLAY OF WEAPON Class D   CHRISTOPHER WALLES   POR

---

CUMCD-CR-2024-01753  **KEVIN L KLODZINSKI**                           DOB:09/15/1977
                    JURY TRIAL                              ATTY:IAN PALEOLOGOPOULOS
                    Count(s) 001-AGGRAVATED OPERATING AFTER HO   ANDREW SHOLL      SCA
                    REVOCATION, 1 PRIOR Class C
                    Count(s) 002-OUI (ALCOHOL), 1 PRIOR Class D   ANDREW SHOLL      SCA

---

CUMCD-CR-2024-00327  **JAMES J LOVETT**                               DOB:10/11/1965
                    JURY TRIAL                              ATTY:RANDALL J BATES
                    Count(s) 001-DOMESTIC VIOLENCE ASSAULT Class D   MARY LUKASIEWICZ   POR

---

## CUMBERLAND, ss. SUPERIOR COURT

COURT SCHEDULING REPORT (A) FROM 09/22/2025 TO 09/22/2025

**SCHEDULED FOR DATE 09/22/2025 at 08:30 a.m. ROOM #:/2**

---

CUMCD-CR-2023-02456 **RICKY ROBBINS**                                    DOB:06/15/1969
    JURY TRIAL                                    ATTY:KAYLA ALVES
    Count(s) 001-OUI (DRUGS OR COMBO)-INJURY OR DEATH,                    **MSS**
    PRIORS Class B

CUMCD-CR-2023-04611 **HANNAH R ST JEAN**                                    DOB:12/19/2000
    JURY TRIAL                                    ATTY:DARIUS WADIA
    Count(s) 001-OPERATING AFTER REGISTRATION SUSPENDED    MICHAEL COFFIN    **GOR**
    Class E

CUMCD-CR-2024-01548 **VINCENT TORRE**                                    DOB:01/29/1983
    JURY TRIAL                                    ATTY:RICHARD CHIPMAN
                                        ATTY:COREY STONE

    Count(s) 001-GROSS SEXUAL ASSAULT Class A    VICTORIA KNIGHT    **MSS**
    Count(s) 002-UNLAWFUL SEXUAL CONTACT Class B    VICTORIA KNIGHT    **MSS**
    Count(s) 003-UNLAWFUL SEXUAL CONTACT Class C    VICTORIA KNIGHT    **MSS**
    Count(s) 004-SEXUAL ABUSE OF MINOR Class C    VICTORIA KNIGHT    **MSS**
    Count(s) 005-GROSS SEXUAL ASSAULT Class B    VICTORIA KNIGHT    **MSS**
    Count(s) 006-GROSS SEXUAL ASSAULT/FURN, ADMIN,    VICTORIA KNIGHT    **MSS**
    EMPLOY INTOX Class B