1  DR. LINDA EDELIN

2  1223 Wilshire Blvd.

3  DLE@idnas.org

4  (310) 874-2430

5  Plaintiff in Pro Per



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Dr. Linda Edelin, | Case No. 2:25-CV-8869 |
|---|---|
| Plaintiff, | NOTICE OF SUPPLEMENTAL |
| vs. | FILING IN SUPORT OF PENDING |
| State of Maine, | MOTION FOR TEMPORARY |
| Defendant. | RESTRAINING ORDER |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff, Dr. Linda Edelin, respectfully submits this supplemental filing to bring additional facts to the Court's attention in support of her Complaint and pending Motion for Temporary Restraining Order. This Notice is filed pursuant to Fed. R. Civ. P. 5(d)(1)(A).

## I. INTRODUCTION

Since the filing of Plaintiff's Complaint and TRO, further violations of her constitutional rights have occurred in the underlying proceedings in Maine state court. These events further demonstrate irreparable harm and the need for immediate federal intervention.

## II. SUPPLEMENTAL FACTS

1. Absence of *Faretta* Hearing. Although the state court excused counsel of record and marked Plaintiff as self-represented ("pro se"), it never held the constitutionally required *Faretta* hearing to determine whether Plaintiff knowingly and voluntarily waived counsel. See *Faretta v. California*, 422 U.S. 806 (1975). Until such a hearing occurs, no proceedings may lawfully continue.

2. Trial Dates Set Without Plaintiff's Knowledge or Consent. Jury selection and trial commencement dates were agreed to by Plaintiff's former counsel, who had already colluded with the prosecution and has withdrawn. Plaintiff herself never

2
NOTICE OF SUPPLEMENTAL FILING IN SUPORT OF PENDING MOTION FOR TEMPORARY RESTRAINING ORDER Case No. 2:25-CV-08869 (Fed. R. Civ. P. 5(d)(1)(A))

agreed to those dates, never had input regarding them, and had no knowledge they were being agreed to and set. A defendant consent to scheduling. To proceed otherwise is a denial of due process.

3. Refusal to Grant Continuance for Trial Preparation. The court simultaneously claimed to recognize Plaintiff as pro se very recently, yet refused to move the trial dates that had been set without her consent. As a result, Plaintiff was given no opportunity to prepare to litigate her case. This contradicts the Sixth Amendment right to adequate time to prepare a defense. See *Powell v. Alabama*, 287 U.S. 45, 58–59 (1932).

4. Failure to Provide Discovery or Materials. Neither the prosecution nor the court has provided Plaintiff with the evidence, discovery, or materials required to prepare for trial. Former counsel did not pass along any discovery either. Proceeding without giving Plaintiff access to discovery is a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and her fundamental rights to confrontation and defense.

5. Exclusion from Jury-Selection Notice. Plaintiff was omitted from the official Court jury-selection notice list. Instead, a withdrawn attorney forwarded her an email not directed to her by the court. Email forwarding through a withdrawn

attorney does not satisfy service due process requirements. See *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

6. Failure to Provide Trial Rules or Motions in Limine. Plaintiff has not been served with any trial logistics or rules, including voir dire instructions, jury pool lists, deadlines for witness or exhibit disclosure, or motions in limine from the State. Proceeding to trial without such notice violates due process under the Fifth and Fourteenth Amendments and the Sixth Amendment right to prepare a defense. See *Coleman v. Alabama*, 399 U.S. 1, 9 (1970).

7. Threat of Warrant Without Service. A prior state court order threatened issuance of a warrant if Plaintiff failed to appear for jury selection. Plaintiff was never served with any formal notice of the time or location of such proceedings. Issuing or enforcing a warrant without service would itself constitute a violation of due process and the Fourth and Fourteenth Amendments.

8. Timing of Ongoing Violations. As of Friday, October 3, 2025—three days before the trial is set to begin on Monday, October 6, 2025—Plaintiff has still received no notice of trial time, location, jury pool list, voir dire rules, exhibit deadlines, or any trial-related materials. The Court in Maine is now closed for the weekend. The

4

NOTICE OF SUPPLEMENTAL FILING IN SUPORT OF PENDING MOTION FOR TEMPORARY RESTRAINING ORDER Case No. 2:25-CV-08869 (Fed. R. Civ. P. 5(d)(1)(A))

complete absence of notice on the eve of trial confirms that Plaintiff has been excluded from meaningful participation, further supporting her request for federal relief.

### III. CONCLUSION

These additional facts further confirm the deprivation of Plaintiff's constitutional rights under the Fifth, Sixth, and Fourteenth Amendments, actionable under 42 U.S.C.§ 1983. They support the relief requested in Plaintiff's pending TRO, and demonstrate the urgency of federal intervention to prevent irreparable harm.

Respectfully submitted this 3rd day of October, 2025.

_____

/s/ Dr. Linda Edelin

Plaintiff, Pro Se

Dr. Linda Edelin
1223 Wilshire Blvd.
Santa Monica, CA 90403
(310) 874-2430
DLE@idnas.org

October 3, 2025

Clerk of Court
United States District Court
Central District of California

Re: Dr. Linda Edelin v. State of Maine
   Case No. 2:25-CV-08869

Dear Clerk:

Please find attached Plaintiff's Notice of Supplemental Filing in Support of Pending Motion for Temporary Restraining Order.

As of today, Friday, October 3, 2025, **Plaintiff has still received no trial notices, jury materials, or discovery, although trial remains on the docket for Monday, October 6, 2025.**

This Notice is submitted to highlight the **urgency** of these ongoing constitutional violations.

Respectfully,

/s/
Dr. Linda Edelin
Plaintiff, Pro Se