1  DR. LINDA EDELIN

2  1223 Wilshire Blvd.

3  DLE@idnas.org

4  (310) 874-2430

5  Plaintiff in Pro Per



FILED

CLERK, U.S. DISTRICT COURT

10/9/2025

CENTRAL DISTRICT OF CALIFORNIA

BY_____GSA_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dr. Linda Edelin, | Case No. 2:25-CV-8869 |
|      Plaintiff, | NOTICE OF SUPPLEMENTAL |
|   vs. | FILING IN SUPORT OF PENDING |
| State of Maine, | MOTION FOR TEMPORARY |
|      Defendant. | RESTRAINING ORDER |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff, Dr. Linda Edelin, respectfully submits this supplemental filing to bring additional facts to the Court's attention in support of her Complaint and pending Motion for Temporary Restraining Order. This Notice is filed pursuant to Fed. R. Civ. P. 5(d)(1)(A).

1

NOTICE OF SUPPLEMENTAL FILING IN SUPORT OF PENDING MOTION FOR TEMPORARY RESTRAINING
ORDER Case No. 2:25-CV-08869 (Fed. R. Civ. P. 5(d)(1)(A))

# I. INTRODUCTION

Since the filing of Plaintiff's Complaint and TRO, further violations of her constitutional rights have occurred in the underlying proceedings in Maine state court. These events further demonstrate irreparable harm and the need for immediate federal intervention.

# II. SUPPLEMENTAL FACTS

1. Absence of *Faretta* Hearing. Although the state court excused counsel of record and marked Plaintiff as self-represented ("pro se"), it never held the constitutionally required *Faretta* hearing to determine whether Plaintiff knowingly and voluntarily waived counsel. See *Faretta v. California*, 422 U.S. 806 (1975). Until such a hearing occurs, no proceedings may lawfully continue.

2. Trial Dates Set Without Plaintiff's Knowledge or Consent. Jury selection and trial commencement dates were agreed to by Plaintiff's former counsel, who had already colluded with the prosecution and has withdrawn. Plaintiff herself never

NOTICE OF SUPPLEMENTAL FILING IN SUPORT OF PENDING MOTION FOR TEMPORARY RESTRAINING ORDER Case No. 2:25-CV-08869 (Fed. R. Civ. P. 5(d)(1)(A))

agreed to those dates, never had input regarding them, and had no knowledge they

were being agreed to and set. A defendant consent to scheduling. To proceed

otherwise is a denial of due process.

3. Refusal to Grant Continuance for Trial Preparation. The court simultaneously

claimed to recognize Plaintiff as pro se very recently, yet refused to move the trial

dates that had been set without her consent. As a result, Plaintiff was given no

opportunity to prepare to litigate her case. This contradicts the Sixth Amendment

right to adequate time to prepare a defense. See *Powell v. Alabama*, 287 U.S. 45,

58–59 (1932).

4. Failure to Provide Discovery or Materials. Neither the prosecution nor the court

has provided Plaintiff with the evidence, discovery, or materials required to prepare

for trial. Former counsel did not pass along any discovery either. Proceeding

without giving Plaintiff access to discovery is a violation of *Brady v. Maryland*,

373 U.S. 83 (1963), and her fundamental rights to confrontation and defense.

5. Exclusion from Jury-Selection Notice.Plaintiff was omitted from the official

Court jury-selection notice list. Instead, a withdrawn attorney forwarded her an

email not directed to her by the court. Email forwarding through a withdrawn

3

1  attorney does not satisfy service due process requirements. See *Mullane v. Cent.*

2  *Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

3

4

5  6. Failure to Provide Trial Rules or Motions in Limine. Plaintiff has not been

6   served with any trial logistics or rules, including voir dire instructions, jury pool

7

8  lists, deadlines for witness or exhibit disclosure, or motions in limine from the

9  State. Proceeding to trial without such notice violates due process under the Fifth

10

11  and Fourteenth Amendments and the Sixth Amendment right to prepare a defense.

12  See *Coleman v. Alabama*, 399 U.S. 1, 9 (1970).

13

14

15  7. Threat of Warrant Without Service. A prior state court order threatened issuance

16  of a warrant if Plaintiff failed to appear for jury selection. Plaintiff was never

17  served with any formal notice of the time or location of such proceedings. Issuing

18

19  or enforcing a warrant without service would itself constitute a violation of due

20  process and the Fourth and Fourteenth Amendments.

21

22

23  8. Timing of Ongoing Violations. As of Friday, October 3, 2025—three days before

24  the trial is set to begin on Monday, October 6, 2025—Plaintiff has still received no

25  notice of trial time, location, jury pool list, voir dire rules, exhibit deadlines, or any

26

27  trial-related materials. The Court in Maine is now closed for the weekend. The

28

1  complete absence of notice on the eve of trial confirms that Plaintiff has been

2  excluded from meaningful participation, further supporting her request for federal

3
   relief.
4

5

6                              III. CONCLUSION

7

8

9  These additional facts further confirm the deprivation of Plaintiff's constitutional

10
    rights under the Fifth, Sixth, and Fourteenth Amendments, actionable under 42
11
    U.S.C.§ 1983. They support the relief requested in Plaintiff's pending TRO,
12

13  and demonstrate the urgency of federal intervention to prevent irreparable harm.

14

15

16  Respectfully submitted this 3rd day of October, 2025.

17

18
                        _____
19
                              /s/ Dr. Linda Edelin
20

21                            Plaintiff, Pro Se

22

23

24

25

26

27

28
                                       5