UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. | 2:25-cv-08869-AH-MARx |
| Date | November 24, 2025 |
| Title | Dr. Linda Edelin v. State of Maine |

Present: The Honorable Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s): None Present

Attorney(s) Present for Defendant(s): None Present

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED UNDER *YOUNGER* DOCTRINE OR SOVEREIGN IMMUNITY

On September 17, Plaintiff Dr. Linda Edelin ("Plaintiff"), proceeding *pro se*, filed a complaint and *ex parte* motion for a temporary restraining order ("TRO") against Defendant State of Maine ("Defendant"). Dkt. Nos. 1, 3. On September 19, the Court denied Plaintiff's motion and ordered her to show cause why this action should not be dismissed under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) (the "Order"). Dkt. No. 10. Plaintiff has not filed a response to the Order. The Court **ORDERS** Plaintiff to show cause why this action should not be dismissed under the doctrines of *Younger* abstention or sovereign immunity.

## I.    BACKGROUND

Plaintiff was charged in the State of Maine with one count of theft by deception and five counts of aggravated forgery. Dkt. No. 1 at 16.[1] Plaintiff brought an emergency motion for a temporary restraining order and stay of state

---

[1] The Court references the ECF page number, not the page number provided on the pleading.

proceedings on September 17. She alleged constitutional violations of her Fifth, Sixth, and Fourteenth Amendment rights. *Id.* at 6. She requested that the Court issue a temporary restraining order staying all proceedings in her criminal case, including a September 18 omnibus hearing, jury selection scheduled for September 22, and a trial set for October 6-8. The Court denied Plaintiff's emergency motion and issued an order to show cause why the action should not be dismissed under the *Younger* doctrine. Since the issuance of the Order, Plaintiff has filed several entries with the Court, none of which has been responsive to the Order. *See* Dkt. Nos. 11-13, 15. On October 20, Plaintiff filed a request for entry of default against Defendant.

## II.     LEGAL STANDARD

### A.     *Younger* Abstention

Under *Younger*, federal courts must abstain from exercising jurisdiction over cases that would interfere with pending state court proceedings. 401 U.S. at 43-44. The *Younger* doctrine reflects "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). "However, even if *Younger* abstention is appropriate, federal courts do not invoke it if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Arevalo v. Hennessy*, 882 F.3d 763, 766-67 (9th Cir. 2018) (quoting *id.* at 435).

### B.     Sovereign Immunity

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "[U]nder the eleventh amendment a state or its agencies cannot be sued in federal court without its consent." *O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)).

## III.    DISCUSSION

Despite the Order requiring a response from Plaintiff within 14 days—and more than 60 days elapsing since issuance of the Order—the Court has refrained from dismissing the case. Still, to date, none of Plaintiff's filings entered since

issuance of the Order has addressed *Younger*. Nonetheless, the Court will allow Plaintiff one more chance to address the *Younger* issue.

Additionally, because Defendant is a U.S. state, the Court orders Plaintiff to show cause why the Court should not dismiss this case under the doctrine of sovereign immunity.

## IV.  CONCLUSION

Plaintiff is ORDERED TO SHOW CAUSE, in writing, within fourteen (14) days from the date of this Order, why this action should not be dismissed under the doctrines of *Younger* abstention and sovereign immunity. Plaintiff's failure to respond timely and adequately to this Order shall result in dismissal of the action without further notice.

**IT IS SO ORDERED.**